## A95A0190. LEIGH v. THE STATE.
(458 SE2d 376)

</div>

SMITH, Judge.

Stacey Bernard Leigh was charged with trafficking in cocaine, OCGA § 16-13-31 (a) (1), and possessing less than an ounce of marijuana. OCGA §§ 16-13-2 (b); 16-13-31 (a) (1). He moved in limine to suppress evidence seized after he was stopped and he and the car he was driving were searched. The trial court denied his motion to suppress but certified the order for immediate review; we granted Leigh's application for interlocutory review.

In his application for interlocutory review, Leigh contended the contraband found in his car should have been suppressed because the search of his person and his car were warrantless and were not lawful under any of the recognized exceptions to the warrant requirement. Leigh's car was stopped after he drove away from an apartment that was under surveillance by the Marietta/Cobb/Smyrna Narcotics Unit (MCS). The evidence presented at the hearing on Leigh's motion showed that the MCS had received a tip from a confidential informant that an individual named Hosea Benton was storing crack cocaine at the apartment in Cobb County and selling it in Atlanta. The informant described to agent P. J. Coalson of MSC the vehicles usually used to transport the contraband and offered to make a "controlled buy," which was arranged immediately by Coalson. Coalson left the scene to obtain a search warrant for the apartment and the vehicles, while another agent accompanied the informant into the apartment and the transaction was completed.

After the "buy" was completed, and before Coalson obtained the search warrant, Leigh drove up in front of Benton's apartment in a car that resembled but was not identical to one previously described by the informant. Agents on the scene telephoned Coalson with the description of the car, and it was added to her affidavit for the search warrant. Agents observed Leigh enter the apartment and remain in-

side more than 15 minutes. Leigh then left the apartment carrying a small, light-colored package, entered his car, and drove away. He was stopped by officers in a marked patrol car pursuant to the order of a supervisor, who suspected he was a drug courier. The stop was effected before Leigh had left the apartment complex. When Leigh was patted down for weapons approximately a quarter-ounce of suspected marijuana was discovered in his right front pants pocket. A search of the trunk revealed 62.3 grams of crack cocaine and $3,800 in currency. The agents who remained at the apartment complex executed the search warrant after Leigh had been taken into custody, finding approximately six or seven ounces of crack cocaine and thirty-five grams of suspected marijuana in the apartment.

We granted Leigh's application for interlocutory review based upon the facts as stated in Leigh's application. Significantly, though, the fact that officers observed Leigh emerge from Benton's apartment bearing a package was not mentioned in his application for interlocutory review. Regardless of whether this omission was deliberate or inadvertent, we do not agree with the characterization of the omitted fact by Leigh's counsel during oral argument as having no bearing on the issue. We have no hesitation in stating that had this fact been included, Leigh's application for interlocutory review would not have been granted. Consequently, this interlocutory appeal is dismissed as having been improvidently granted. See generally *Podskoc v. State*, 187 Ga. App. 669 (372 SE2d 11) (1988).

*Appeal dismissed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 30, 1995 —
RECONSIDERATION DENIED JUNE 13, 1995 — ▆▆▆▆▆▆

*Daniel E. Gavrin*, for appellant.

*Thomas J. Charron*, District Attorney, *Irvan A. Pearlberg, Donald T. Phillips, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.