A01A0104. WOODY v. THE STATE.
(545 SE2d 83)

MIKELL, Judge.

In 1997, James Leon Woody, Jr. entered a guilty plea to multiple counts of theft by taking, burglary, and entering an automobile, for which he was sentenced to 20 years probation. During the same year, Woody pleaded guilty to a separate indictment for theft by taking, burglary, and making a false statement and was sentenced to ten years probation. In both cases, Woody consented to the following as a special condition of probation:

> Probationer shall submit to a search of his/her business, person, houses, papers and/or effects as these terms of the Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph VIII of the Georgia Constitution are defined by the Courts, any time of the day or night with or without a search warrant whenever requested to do so by a probation officer, surveillance officer, or any law enforcement officer and specifically consents to the use of anything seized as evidence in any proceeding against him/her.

In November 1999, Woody was arrested for shoplifting at the J. C. Penney store in Town Center Mall, prompting the instant probation revocation proceeding. At the hearing, sheriff's detective Mike Laney testified that a security officer from the store, Sharon Triplet, notified him that when she interviewed Woody after he was arrested, Woody "openly bragged about shoplifting exploits to her"; discussed the "shoplifting endeavors" he and his roommate had engaged in; and said "his house had tons of stolen stuff in it." According to Laney, Woody told Triplet that he resided at 175 Red Plum Drive. However, Laney checked Woody's probation file and learned that he had moved from 175 Red Plum Drive, his parents' address, to 55 Watson Road.

Based on this information, Laney obtained and executed a search warrant for 55 Watson Road. Laney was accompanied by

Woody's probation officer. They discovered a plethora of suspicious items, including several boxed ceiling fans, videogame memory cards, watches, compact discs, and more than 60 videotapes. After Woody was *Mirandized*, he confessed that he and his roommate had stolen the items from a local Wal-Mart store. Based on this evidence, the trial court ruled that the search was valid and revoked 12 of the 17 years remaining of Woody's probation.

We granted Woody's application for discretionary appeal to determine two issues: (1) whether the Fourth Amendment waiver contained in the special condition of probation was valid in light of *Fox v. State*, 272 Ga. 163 (527 SE2d 847) (2000); and (2) whether the search warrant was supported by probable cause. In *Fox*, the Supreme Court ruled that a probationer who executed a condition of probation nearly identical to the one in the instant case had not waived his Fourth Amendment rights because the condition was not properly obtained as part of the plea bargaining process. However, in the case sub judice, Woody has not raised this issue. Moreover, no search warrant was obtained in *Fox*. Finally, our review of the transcript reveals that the trial court correctly concluded that probable cause existed for the issuance of the search warrant. Therefore, upon consideration of the entire record, applicable case law, and statutory provisions, this discretionary appeal is hereby dismissed as having been improvidently granted. *Mosley v. Ga. Peace Officer &c. Council*, 217 Ga. App. 798 (458 SE2d 503) (1995); *Leigh v. State*, 217 Ga. App. 583, 584 (458 SE2d 376) (1995).

*Appeal dismissed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 24, 2001.

*Ray & McKinney, Michael K. McKinney, Richard A. Jones,* for appellant.

*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney,* for appellee.