## 72981. SIMPSON v. THE STATE.
### (353 SE2d 55)

McMURRAY, Presiding Judge.

Defendant was convicted of a violation of the Georgia Controlled Substances Act (selling cocaine to an agent of the Georgia Bureau of Investigation). He was sentenced to serve a term of 20 years (10 in confinement and 10 on probation) and now appeals. *Held*:

1. The general grounds are without merit as the evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of a violation of the Georgia Controlled Substances Act (selling cocaine). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fisher v. State*, 177 Ga. App. 683 (340 SE2d 282). The trial court did not err in overruling defendant's motion for new trial.

2. In view of the curative instructions given by the trial court, it cannot be said that a mistrial should have been granted when the State's witness testified that he observed defendant selling cocaine to others. *Burns v. State*, 191 Ga. 60, 74 (9) (11 SE2d 350).

3. We need not consider whether the trial court erred by refusing to permit defendant to press his motion for mistrial outside the presence of the jury. The record does not show that defendant's counsel did anything more than advise the court that he was seeking a mistrial. Following the trial court's adverse ruling on the motion for mistrial, counsel for defendant did not seek permission to clarify or amplify the grounds for his motion outside of the jury's presence. Thus, the trial court's action cannot be challenged on appeal where there was acquiescence in the court's ruling. *Daniel v. State*, 130 Ga. App. 548, 550 (3) (203 SE2d 736).

4. During the course of the trial, the State introduced an oral statement given by defendant while in police custody. The officer who testified concerning defendant's statement gratuitously interpreted the meaning of a word contained in the statement. (He stated that the word "some" meant "cocaine.") Defendant contends the officer's interpretation should have been excluded because defendant was not apprised of the interpretation pursuant to OCGA § 17-7-210. This contention is meritless. OCGA § 17-7-210 only applies to statements given by a defendant. It does not apply to any comment which a wit-

ness may make with regard to the statement.
  *Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*Donald A. Starling*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.