A90A2248. EUBANKS v. THE STATE.
(399 SE2d 290)

DEEN, Presiding Judge.

Jon Kerry Eubanks was granted an appeal from the revocation of his probation in accordance with the provisions of OCGA § 5-6-35 (a) (5). Appellant's counsel contends that the trial court erred in failing to grant a continuance when the evidence was uncontroverted that Eubanks was incompetent to stand trial at the time of the hearing, and that the State failed to show by a preponderance of the evidence that the defendant had violated the terms of his probation or committed a new felony.

1. Two psychiatrists who had treated Eubanks for a number of years were called to testify on his behalf. Both agreed that he was a manic depressive and had a long history of emotional problems. Dr. Jacobs saw him the day before the hearing and testified that the defendant was not legally insane, knew right from wrong, was not subject to a delusional compulsion, and was prone to exaggerating both his symptoms and the degree of his mental illness. Dr. Jacobs felt that Eubanks was competent to stand trial, understood the charges against him, understood the possible consequences of his conviction, and was able to cooperate with his attorney in his defense.

Dr. Damon, the second psychiatrist, had treated Eubanks on many occasions and also saw him the day before the hearing. She felt that his violent behavior was largely caused by his anti-social personality rather than his mental illness. She agreed with Dr. Jacobs that he had a long history of exaggerating his symptoms, and used his illness to manipulate others for his benefit. She also agreed that he was

not legally insane. At one point she testified that she could not determine whether he was competent to stand trial, but stated that he understood the charges against him and the consequences of conviction, and that he was capable of cooperating with his attorneys and participating in his defense. Later, however, she stated that she was unable to determine whether he was competent to stand trial, and she did not consider him to be presently competent.

The defendant bears the burden of proof on the issue of competence to stand trial. *Banks v. State*, 246 Ga. 178, 181 (269 SE2d 450) (1980). The issue to be determined by the court is whether the defendant is aware of the charges against him, the possible consequences of his case, and whether he is able to communicate with his attorneys and participate in his defense.

The issue of competence was a factual issue to be resolved by the trial court, and although Dr. Damon's testimony was conflicting, there was sufficient expert testimony given by both Dr. Damon and Dr. Jacobs to support the court's conclusion that Eubanks was competent to stand trial. We find no error in the trial court's refusal to grant a continuance.

2. On February 16, 1990, Eubanks entered a guilty but mentally ill plea to charges of uttering bad checks. He received a five-year sentence on each count and was ordered to make restitution in the amount of $3,145.56, pay a probation fee, pay $325 in attorney fees, and pay a $1,000 fine. On March 19, 1990, he was arrested for violating the terms of his probation because he had paid no restitution or any part of the fine. While in jail awaiting a hearing, he was placed in isolation, where he set fire to his clothing, and the jail had to be evacuated.

The State proved by a preponderance of the evidence, as required under OCGA § 42-8-34.1 (a), that Eubanks had violated the terms of his probation, and then committed an additional crime after he was arrested. We find no error in the trial court's decision to revoke his probation.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 26, 1990.

*Waddell, Emerson, George & Buice, Hulane E. George*, for appellant.

*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney*, for appellee.