## A92A0882. RIGGINS v. THE STATE.
(424 SE2d 879)

POPE, Judge.

In 1990, defendant Richard Riggins pled guilty to the offense of burglary, was given first offender treatment and sentenced to serve 20 years on probation. On August 19, 1991 defendant was arrested for the burglary of a pawn shop. On August 23, 1991, the State filed a "Petition for Adjudication of Guilt and Disposition of Sentence in First Offender Case." After conducting a hearing on the State's petition, the trial court held the State had shown by a preponderance of the evidence that defendant had violated the terms of his probation

by committing another felony, adjudicated the defendant guilty of the burglary offense for which he received first offender probation, and revoked ten years of his probationary sentence. We granted defendant's application for discretionary appeal of the trial court's order.

At the hearing, the State showed defendant was arrested on August 19, 1991, shortly after the burglary of a pawn shop, while sitting in the back of a truck at a restaurant close to the pawn shop. The State called two witnesses who testified they saw three men leave the pawn shop. One of these witnesses testified she saw two of the men go into the parking lot of a nearby store and a third man go to the parking lot of a nearby restaurant and climb into the back of a truck parked there. The second witness testified she saw three men exit the pawn shop but did not observe whether the third man climbed into a truck at a nearby restaurant, because she went inside another restaurant to call the police. However, she stated she observed a man wearing a light colored shirt and hat leave the pawn shop and later saw a person wearing similar clothing sitting in the back of a truck at a nearby restaurant. The third eyewitness testified he only observed two men leave the pawn shop but because he went inside a nearby business to call the police he did not have as much opportunity to observe the area around the pawn shop as did his girl friend, who was the witness who testified she saw defendant leave the pawn shop and walk to a nearby restaurant and sit in the back of a truck. The witnesses also testified they saw the other men they observed leave the pawn shop go to the same restaurant and saw one enter the same truck in which the defendant was sitting when he was apprehended.

One of the police officers who responded to the burglary call testified that the Albany police apprehended two suspects, Gary Peterson and Alphonzo Bentley, in the parking lot of a nearby business. That officer testified that Peterson told him a third person was involved in the burglary who was sitting in the back of the truck in the parking lot of the same restaurant where defendant was apprehended.

Defendant testified he was passing by the restaurant where he was apprehended on his bicycle when it began to rain. He said he approached the owner of the truck, whom he knew, asked if the owner would give him a ride, and climbed in the back of the truck when the truck owner agreed. Defendant also called Peterson and Bentley, both of whom testified defendant was not involved in the robbery. Peterson also denied telling the police officer another person was involved in the robbery.

1. We find no merit in defendant's first enumeration of error in which he contends the evidence presented by the State was insufficient under the preponderance of the evidence standard to establish defendant violated his probation. See OCGA § 42-8-34.1. Although the eyewitnesses' testimony was not completely consistent, sufficient

evidence was presented from which the trial court could find by a preponderance of the evidence that the defendant participated in the burglary of the pawn shop on August 19, 1991. Accordingly, we hold the trial court did not err by revoking ten years of defendant's probation, adjudicating defendant guilty of the prior burglary and sentencing him thereon. See *Eubanks v. State*, 197 Ga. App. 731, 732 (2) (399 SE2d 290) (1990).

2. Defendant also contends the trial court erred by failing to grant a continuance or delay its decision in the revocation proceeding based upon the failure of a subpoenaed witness to appear at the hearing. OCGA § 17-8-25 governs the issue of continuance based upon absence of a witness and provides: "In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness."

A motion for continuance based upon the absence of a witness is addressed to the sound discretion of the trial court, and absent a showing the trial court abused its discretion, the appellate courts will not interfere. *Alderman v. State*, 241 Ga. 496, 502 (2) (246 SE2d 642), cert. den., 439 U. S. 991 (99 SC 593, 58 LE2d 666) (1978); *Grimes v. State*, 168 Ga. App. 372, 377 (6) (308 SE2d 863) (1983). Defendant concedes in his brief he did not make a "formal motion for continuance." It is undisputed that at the beginning of the hearing, defendant asked for a bench warrant for the absent witness. However, defendant's counsel was not able to state exactly when the witness was subpoenaed, and the trial court refused to issue a bench warrant at that time. After defendant rested, defense counsel again moved for a bench warrant for the absent witness and also asked the trial court to delay its decision.

Assuming arguendo that defendant's request for the trial court to delay its decision can be considered a motion for a continuance, we hold that the defendant failed to establish the requirements for a continuance under OCGA § 17-8-25. Defendant was unable to show what facts would be proved by the absent witness. Defendant's only offering on this subject was the statement by his counsel that: "I want to prove that [the witness] was the person that was involved in this crime, not my client." Defendant obviously did not know what testi-

mony the witness would offer, although it is unlikely the witness would incriminate himself as defendant hoped. Furthermore, even if this witness testified defendant was not involved in this burglary, his testimony would be merely cumulative of Peterson's and Bentley's testimony and thus does not warrant a continuance. See *Stafford v. State*, 187 Ga. App. 401, 402 (3) (370 SE2d 646) (1988).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 1992.

*Dorough & Sizemore, W. James Sizemore*, for appellant.

*Britt R. Priddy, District Attorney, Stefanie D. Jones, L. Earl Jones, Assistant District Attorneys*, for appellee.