## A00A2388. STROZIER v. THE STATE.
(546 SE2d 290)

BLACKBURN, Chief Judge.

Following the revocation of his probation for possession of cocaine, Tobias Strozier appeals, contending that: (1) the district

---

attorney, not the trial court, prepared the hearing calendar and assigned his case in violation of Uniform Superior Court Rule 3.1; (2) the evidence was not sufficient to support the probation revocation; (3) his probation officer committed the unauthorized practice of law by filing his petition for probation revocation; and (4) the trial court erred during sentencing by failing to give him credit for time served for the original crime. For the reasons set forth below, we vacate the trial court's order and remand for further proceedings.

On January 11, 1999, Strozier pled guilty to possession of cocaine, and he was sentenced to five years of probation as a first offender. On April 5, 2000, Strozier was arrested for possession of cocaine and marijuana. Subsequently, Strozier's probation officer filed a petition with the trial court recommending that his probation be revoked. After a hearing, the trial court found Strozier guilty of possession by a preponderance of the evidence, revoked his probation, and sentenced him to serve five years of incarceration "over and above any time previously served."

1. Strozier contends that the district attorney, not the trial court, prepared the hearing calendar and effectively assigned his case in violation of USCR 3.1. USCR 3.1 provides, in pertinent part:

> Method of Assignment. In multi-judge circuits, unless a majority of the judges in a circuit elect to adopt a different system, all actions, civil and criminal, shall be assigned by the clerk of each superior court according to a plan approved by such judges to the end that each judge is allocated an equal number of cases.

In *Cuzzort v. State*,[1] our Supreme Court considered the efficacy of the manner in which cases were calendared and, thereby, assigned in the Lookout Mountain Judicial Circuit. There, the district attorney assigned cases to judges and placed them on the court's calendar. In rejecting this procedure, our Supreme Court held:

> Under the plain language of [USCR 3.1], multi-judge circuits may adopt a different method subject to the approval of a majority of the circuit's judges. Certainly, judges, in their capacity as members of the judiciary, have the inherent authority to determine their own internal operating procedure for the selection of which of them shall hear cases. Accordingly, we do not take issue with the Lookout Mountain Judicial Circuit's decision to adopt a more efficient system. The precise method of assigning and calendaring cases

---

[1] *Cuzzort v. State*, 271 Ga. 464 (519 SE2d 687) (1999).

adopted by a multi-judge circuit, however, must comport with the notion of due process under the State and Federal constitutions, as well as the spirit and purpose of the uniform rules and applicable statutes.

(Citations and punctuation omitted.) Id. at 464 (1).

In *Cuzzort*, our Supreme Court explained further:

The purpose of the assignment system in multi-judge circuits is to "prevent any person's choosing the judge to whom an action is to be assigned." USCR 3.1. . . . In the Lookout Mountain Judicial Circuit, however, it is not the chief or other circuit judge who makes case assignments and sets the calendar but the district attorney. Because the district attorney is clearly within the category of persons directed to refrain from affecting case assignments under USCR 3.1, we find the method of case assignment employed in the Lookout Mountain Judicial Circuit violates the clear mandate of that rule.

Id. at 464-465 (2).

Unlike the record in *Cuzzort*, the record now before us is incomplete and inconclusive with regard to the method of assigning cases to particular judges in the Coweta Judicial Circuit. During Strozier's revocation hearing, testimony showed that the trial calendar was prepared by the district attorney's office "at the direction of the trial court." Although the record indicates that the trial court knew about and approved of the method of calendaring cases, the transcript does not indicate the nature of the "direction" given by the trial court to the district attorney's office. As a result, we are unable to determine from the record who actually has discretion over calendaring cases in the Coweta Judicial Circuit — the trial court or the district attorney. If the trial court retains discretion, the system does not violate USCR 3.1. On the other hand, if the district attorney has discretion over assignment, the system violates the holding of *Cuzzort*.

Because the record does not contain enough information regarding the method of assigning cases in the Coweta Judicial Circuit, we must vacate the trial court's order revoking Strozier's probation and remand this case for further hearings on this issue.

2. Strozier also contends that the evidence was insufficient to support the trial court's revocation of his probation for possession of cocaine. We disagree.

The evidence produced at the revocation hearing must establish the violations of probation only by a preponderance of the evidence, not beyond a reasonable doubt. OCGA § 42-8-34.1 (a). In this case,

the record shows that, on April 5, 2000, Officers Gino Grippo and Robert Moore spent two hours observing a house located at 105 Edgewood Avenue in LaGrange. From their concealed location, the officers watched numerous people coming and going from the house and staying for three minutes or less. Strozier and one other compatriot, however, stayed at the house for almost the entire time, occasionally leaving to go behind a vacant house next door and returning shortly thereafter.

At the end of their surveillance, the officers decided to approach the house, and Officer Grippo asked Strozier and the other occupants for permission to search the house, which was granted. The officers did not find any contraband either in the house or on the occupants thereof. Officer Moore did, however, find a bag of marijuana and a bag of cocaine hidden behind the vacant house next door, where Strozier had been seen going several times. Both officers testified that, based on their training, they believed that Strozier was conducting drug sales out of the home.

This evidence was sufficient, by a preponderance of the evidence, to support the trial court's holding.

3. Strozier contends that his case must be reversed because the petition for his probation revocation was filed by a probation officer, constituting the unauthorized practice of law. This contention, however, is without merit for the reasons outlined in *Leverette v. State*, 248 Ga. App. 304 (546 SE2d 63) (2001).

4. Finally, Strozier contends, and the State agrees, that the trial court erred in sentencing him by failing to give him credit for time already served on probation. *Franklin v. State*, 236 Ga. App. 401, 402 (1) (512 SE2d 304) (1999). If, after production of new evidence on remand, the trial court determines that the method of assigning cases in the Coweta Judicial Circuit complies with USCR 3.1 and reinstates its order revoking Strozier's probation, the trial court must resentence Strozier to correct this error.

*Judgment vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 20, 2001 — ▬▬▬▬▬

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Peter J. Skandalakis, District Attorney, Julianne W. Holliday, Assistant District Attorney*, for appellee.