## A01A0876. SIMPSON v. THE STATE.
(555 SE2d 247)

BLACKBURN, Chief Judge.

Mitchell Simpson, Sr. appeals the revocation of his probation for failure to pay fines and possession of marijuana, contending that: (1) the evidence was insufficient to support the revocation and (2) the trial court failed to conduct a hearing to determine his ability to pay the fines in question before revoking probation. For the reasons set forth below, we affirm.

The record shows that, following a jury trial on March 29, 1986, Simpson was convicted for the sale of cocaine[1] and sentenced to twenty years, ten in confinement and ten on probation. As a special condition of his probation, Simpson was required to pay a fine of $4,000 and certain other costs and surcharges. Prepayment of these charges was not a condition precedent to Simpson's release on probation. Simpson was paroled on August 11, 1987; however, during this parole, Simpson was indicted for two counts of possession of a firearm by a convicted felon. Following a jury trial, Simpson was convicted for both offenses. On the first count, he was sentenced to five years to run concurrently with his sentence for selling cocaine, and on the second count, he was sentenced to five years to run consecutively to the cocaine offense.

---

[1] This conviction was subsequently affirmed by this Court. See *Simpson v. State*, 181 Ga. App. 558 (353 SE2d 55) (1987).

On September 8, 1997, Simpson was released on parole again. On April 9, 1999, Simpson's probation officer filed a petition to revoke Simpson's probation, contending that Simpson had failed to pay his $4,000 fine and other costs associated with the initial conviction for the sale of cocaine. On July 21, 2000, Simpson's probation officer filed an amended petition to revoke Simpson's probation, contending that, in addition to failing to pay his fines, Simpson did not report when required and that he had illegally used marijuana. After a hearing, the trial court revoked Simpson's probation, finding that he had used marijuana and failed to pay his fines.

1. Simpson contends that the evidence presented at the revocation hearing was insufficient to show that he had violated the terms of his probation. We disagree.

As a general matter, "[t]he evidence produced at the revocation hearing must establish the violations of probation only by a preponderance of the evidence, not beyond a reasonable doubt. OCGA § 42-8-34.1 (a)." *Strozier v. State.*[2]

At the probation revocation hearing, Simpson's probation officer testified that, on May 9, 2000, she asked Simpson whether he had been using illegal drugs. Simpson admitted that he smoked marijuana a few days earlier. In addition, on June 2, 2000, Simpson admitted that he smoked marijuana on May 28, 2000. Furthermore, it was undisputed that Simpson failed to pay the fines associated with his original conviction for the sale of cocaine. The record, therefore, supports the trial court's finding that Simpson violated the terms of his probation by a preponderance of the evidence.

Simpson's argument that he was not read his *Miranda* rights prior to being questioned by his probation officer does not change this result. Generally, a probationer has no Fifth Amendment privilege with regard to questions relevant to the status of his or her probation.

A State may require a probationer to appear and discuss matters that affect his probationary status; such a requirement, without more, does not give rise to a self-executing privilege. The result may be different if the questions put to the probationer, however relevant to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution.

*Minnesota v. Murphy.*[3] In this case, there is no indication that the information obtained from Simpson during his interviews with his

---

[2] *Strozier v. State*, 248 Ga. App. 306, 308 (2) (546 SE2d 290) (2001).
[3] *Minnesota v. Murphy*, 465 U. S. 420, 435 (104 SC 1136, 79 LE2d 409) (1984).

probation officer was elicited for the purpose of charging him with a new crime. And, there is no evidence that he was charged with one. To the contrary, it appears that Simpson's probation officer was simply trying to assure that Simpson was complying with the conditions of his probation. Accordingly, the use of Simpson's admissions to smoking marijuana in the revocation hearing, which is not a criminal proceeding, did not violate *Miranda*. See, e.g., *United States v. Nieblas*.[4]

2. Simpson also contends that revocation of his probation was improper because the trial court failed to hold a hearing regarding his ability to pay the fines associated with his conviction for the sale of cocaine. We disagree.

> Under *Bearden v. Georgia*,[5] if a court determines that a fine or restitution is the appropriate and adequate penalty for a crime, it may not imprison a person solely because he lacks the resources to pay it. A *Bearden* hearing as to defendant's ability to pay is required only when a fine is made a condition precedent of probation or probation is about to be revoked for failure to pay a fine.

(Punctuation omitted.) *Hunt v. State*.[6]

Simpson's probation was not conditioned upon his fine first being paid; therefore, the only issue which remains is whether the trial court improperly revoked his probation for failure to pay the fine without a hearing. The record shows, however, that prior to Simpson's revocation hearing, the trial court asked Simpson to submit information regarding his financial status. In response, Simpson submitted only incomplete records to support his claim of indigence. And, contrary to Simpson's contention, he did have the opportunity to present evidence regarding his ability to pay at the revocation hearing. Based on the evidence and testimony which it did have, the trial court found that Simpson was a signatory on three different bank accounts and that he was solely responsible for payments on a vehicle costing more than the amount of his fines. Accordingly, the trial court properly found, after hearing evidence, that Simpson had the ability to pay his fines, and the trial court did not err in revoking Simpson's probation thereafter.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[4] *United States v. Nieblas*, 115 F3d 703 (9th Cir. 1997).

[5] *Bearden v. Georgia*, 461 U. S. 660, 672 (103 SC 2064, 76 LE2d 221) (1983).

[6] *Hunt v. State*, 222 Ga. App. 66, 70 (3) (473 SE2d 157) (1996).

DECIDED OCTOBER 12, 2001.

*E. Kontz Bennett, Jr.,* for appellant.
*Richard E. Currie, District Attorney, Albert H. Tester, Assistant District Attorney,* for appellee.