## A02A1188. SYMS v. THE STATE.
(571 SE2d 514)

MILLER, Judge.

Louis Syms appeals from the trial court's order modifying the terms of his probation. Syms contends on appeal that the probation modification was actually an improper "revocation" of his probation and argues that the trial court erred by (1) revoking or modifying his probation and requiring him to serve five years in a probation detention center, (2) amending its original order to clarify that Syms's probation had been "modified" and not "revoked," and (3) revoking or modifying his probation before the probationary period had begun for one of his offenses. We discern no error and affirm.

The record reveals that Syms pled guilty to DUI, being a habitual violator, and several other offenses. He was sentenced to fifteen years, five to serve and ten years probation. As a condition of his probation, Syms agreed that he would not consume alcohol and that he would not drive in Georgia. Syms subsequently violated his probation by, among other things, committing the offense of DUI.

The trial court held a probation revocation hearing and subsequently issued an order that "[r]evoked" Syms's probation and

required him to serve five years in a probation detention center before serving the remainder of his probation. Syms alleged that the court exceeded its authority under OCGA § 42-8-34.1, because a court can only "revoke" probation to require a defendant to serve up to two years in confinement. The court then corrected its order, stating that Syms's sentence had only been "modified" by requiring him to serve five years in the probation detention center. Syms appeals.

1. Syms contends that the trial court erred by revoking or modifying his sentence to require him to serve five years in a probation detention center. Since the court only ordered Syms to go to a probation detention center (an alternative to confinement under OCGA § 42-8-34.1 (c)), the two-year limit on confinement for probation revocation under OCGA § 42-8-34.1 (c) does not apply. We therefore affirm.

OCGA § 42-8-34.1 (c) provides:

> At any revocation hearing, upon proof that the defendant has violated any general provision of probation or suspension other than by commission of a new felony offense, *the court shall consider the use of alternatives to include* community service, intensive probation, diversion centers, *probation detention centers*, special alternative incarceration, *or any other alternative to confinement deemed appropriate by the court* or as provided by the state or county. *In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.*

(Emphasis supplied.)

Pursuant to the plain language of OCGA § 42-8-34.1 (c), the use of a probation detention center is an "alternative to confinement" in jail following a probation violation. When a probation violation occurs other than through the commission of a felony, a defendant's probation may only be "revoked" after the court determines that the defendant does not meet the criteria for the use of an alternative such as a probation detention center. While the court may only revoke probation for a maximum of two years, the plain language of OCGA § 42-8-34.1 (c) as drafted indicates that this statutory maximum only applies when a court finds that a defendant does not qualify for the use of any of the alternatives listed under the statute. Here, the court determined that the use of a probation detention center was an appropriate alternative under the circumstances, and pursuant to the plain language of OCGA § 42-8-34.1 (c), the two-year maximum for confinement in jail therefore did not apply. Thus, the

trial court did not err by ordering Syms to a probation detention center in excess of two years.

2. In light of our holding in Division 1 that the trial court properly used the alternative of a probation detention center, we find no harmful error in the trial court correcting its original order to indicate that Syms's probation had been "modified" rather than "revoked."

3. Syms's argument that the trial court erred by revoking or modifying his sentence before the probationary period had begun for one of his offenses is also without merit. As this Court reiterated in *Edwards v. State*, 247 Ga. App. 835, 838 (2) (545 SE2d 143) (2001), "a trial judge may revoke a probated sentence that is to begin at a future date. . . ."

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 20, 2002 —

*Jackson & Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.