A02A0913. THE STATE v. HUCKEBA.
(574 SE2d 856)

ELDRIDGE, Judge.

We granted the State's application for a discretionary appeal from the trial court's order denying its petition to revoke Orin Huckeba's probation. The trial court determined that, under OCGA § 42-8-38 (a), only a probation violation that occurs *within* the probationary term can be the subject matter of a probation revocation petition. For the reasons that follow, we disagree and vacate the trial court's order.

The facts in this case were stipulated by the parties in lieu of a transcript, under OCGA § 5-6-41 (i). The relevant stipulated facts are that Huckeba pled guilty to three felony counts of violating the Georgia Controlled Substances Act in 1996. He was sentenced to a ten-year split term: five years to serve followed by five years probation. Approximately four months before release for the start of the probationary period, Huckeba was paroled. Almost immediately, in March 2001, he was arrested for another felony violation of the Georgia

Controlled Substances Act.[1] His probationary term began in June 2001, and a probation revocation petition and probation warrant were filed in August. *Held*:

1. In this case, the condition of probation wherein Huckeba should not violate the criminal laws of this State was made part of the criminal sentence.[2] As stated in pertinent part in Huckeba's sentence:

> That upon service of 5 years of the above sentence, the remainder of 5 years may be served on probation PROVIDED that the said defendant complies with the following general and special conditions, herein imposed by the court as a part of this sentence. The defendant, having been granted the privilege of serving all or part of the stated sentence on probation, hereby is remanded to the following general conditions of probation listed below and the conditions of probation listed below . . . which conditions by reference are made a part of this sentence. (1) Do not violate the criminal laws of any governmental unit.

That Huckeba was not to violate any criminal laws of this State was a condition for the imposition of the probationary period, as well as a condition in order for Huckeba to remain on probation. Thus, it matters not whether this condition of probation was violated before the probationary period actually began. The commission of another felony offense was a violation of the court's sentence and a condition under which probation was imposed in the first place. As a neighboring state has aptly observed,

> "Where, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence . . . , the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense."[3]

Accordingly, Huckeba violated the terms of his probation *whenever* he violated the probationary condition that he was not to commit fur-

---

[1] Possession of marijuana with intent to distribute.

[2] "For the purposes of this Code section, the term 'special condition of probation or suspension of the sentence' means a condition of a probated or suspended sentence which: (1) [i]s expressly imposed as part of the sentence." OCGA § 42-8-34.1 (a) (1).

[3] *Vogel v. State*, 543 S2d 200, 201 (Ala. Crim. App. 1989).

ther crimes. And, within the probationary period, he could be revoked for such violation.

Here, as a matter of fact, it is undisputed that Huckeba, by committing another felony violation of the Georgia Controlled Substances Act, violated a condition of his sentence. It is also undisputed that no attempt was made to effectuate a revocation of probation until after Huckeba was no longer in the legal custody of the Board of Pardons and Paroles and after his probationary period had already begun, as required by OCGA §§ 17-10-1 (a) (4) and 42-8-34 (g). These Code sections limit the time for the actual *revocation* to the period after probation has begun; they do not in any way limit the *violations* a judge may consider to those occurring only after probation has begun.[4]

Notwithstanding the above, the trial court denied the petition to revoke Huckeba's probation because the court interpreted OCGA § 42-8-38 (a) as "deal[ing] with matters which were done '*within* the period of probation.'" (Emphasis supplied.) Thus, the court determined that it did not have authority to consider the State's petition when the subject matter of such was a violation of probation occurring *before* the probation period began.

However, OCGA § 42-8-38, subsection (a), primarily addresses a probation supervisor's arrest powers and states that a probation supervisor may arrest a defendant only "within the period of probation" for a violation of the conditions of probation. Such Code section does not address what constitutes a violation of the terms of probation. Nor does OCGA § 42-8-38 (a) purport to limit a trial court's "power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper," as granted by OCGA § 17-10-1 (a).

That OCGA § 42-8-38 (a) was wrongly applied by the trial court is further illustrated by the 2001 amendment to OCGA § 17-10-1 (a) where, in order to "clarify punishment provisions in various Code sections,"[5] the legislature expressly included what was already implied under earlier versions of § 17-10-1 (a): that the trial court has the

power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, *including* the authority to revoke the

---

[4] In that regard, this Court's decision in *Lombardo v. State*, 244 Ga. App. 885 (537 SE2d 143) (2000), is inapplicable in this case. *Lombardo* dealt solely with revocation *before a probationary period has begun*, not with revocation *during* a probationary period for violations occurring earlier: "we must . . . determine whether a trial court has the power to revoke a defendant's probation before the probationary period has begun." Id. at 887.

[5] Ga. L. 2001, p. 94.

> suspension or probation *when the defendant has violated
> any of the rules and regulations prescribed by the court, even
> before the probationary period has begun.*[6]

In striving to give effect to a statute's legislative purpose, courts should construe it in pari materia with other relevant statutes.[7] Here, although the legislature clarified the trial court's authority to consider a probation violation occurring "even before the probationary period has begun," OCGA §§ 17-10-1 (a) (4) and 42-8-34 (g), which require that actual *revocation* be effectuated within the probationary period, remained the same. As did OCGA § 42-8-38 (a), delineating a probation supervisor's arrest powers as occurring only within the probationary period. Clearly, then, a probation supervisor's authority to arrest a probationer only "within the period of probation" and the fact that the revocation, itself, must occur during the probationary period do not affect a trial court's power and authority to consider violations occurring "even before the probationary period has begun" as a basis for revocation. Construction of a statute must square with common sense and reasoning.[8]

And, in fact, it would be unwise to impose an artificial limitation on a trial court's power and authority to revoke probation during the probationary period for the commission of another crime in violation of the terms of probation. As has been noted by several of our sister states with probationary schemes similar to ours,

> While probation may be considered a mild form of ambula-
> tory punishment imposing meaningful restraints, its true
> nature is an act of judicial grace. The Legislature has
> granted to the judiciary discretionary power to grant proba-
> tion as a means of testing a convicted defendant's integrity
> and future good behavior. Unlike parole, granted by an
> administrative agency, probation is granted by the court
> when the sentencing judge deems the protection of society
> does not demand immediate incarceration.[9]

In cases such as the instant one, where a convicted defendant's "future good behavior" has already been compromised by the commission of another criminal act even before the formal probationary period begins, a trial court should not be *required* to allow such

---

[6] (Emphasis supplied.) Ga. L. 2001, p. 94, § 5.

[7] *Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 354 (1) (d) (392 SE2d 881) (1990).

[8] *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367) (1992).

[9] (Punctuation and emphasis omitted.) *In re Marcellus*, 229 Cal. App.3d 134, 142 (279 Cal. Rptr. 901) (1991), citing *State v. Young*, 273 Minn. 240, 247 (141 NW2d 15) (1966).

defendant to serve a previously imposed probated sentence when the court deems the protection of society demands revocation.

For the above reasons, we conclude the trial court's interpretation of OCGA § 42-8-38 (a) as precluding the exercise of its discretion to consider the State's petition to revoke Huckeba's probation was error as a matter of law. Accordingly, the trial court's judgment is vacated, and the instant case is remanded for consideration of the merits of the State's petition.

2. "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction."[10] An appeal by the State frequently raises jurisdictional questions which we must consider.

(a) In this case, the trial court did not reach the merits of the State's petition to revoke Huckeba's probation. Instead, the trial court refused to exercise its discretion to review the petition at all, because the court determined that OCGA § 42-8-38 (a) precluded as a matter of law jurisdiction over Huckeba's 2001 violation of the Georgia Controlled Substances Act as the subject matter of the revocation petition: "This Court construes [OCGA § 42-8-38 (a)] to mean *acts* which are committed during the period of probation. No act alleged to revoke probation was committed during the period of Defendant's probation." (Emphasis in original.) Absent the authority to review the alleged violation of probation as a basis for revocation, the State's petition was denied without review. "An appeal may be taken by and on behalf of the State of Georgia from the superior courts . . . in criminal cases . . . [f]rom an order, decision, or judgment of a court *where the court does not have jurisdiction or the order is otherwise void under the Constitution* or *laws of this state.*"[11] Because, under the specific facts of this case, the trial court incorrectly determined that it had no subject matter jurisdiction to exercise its discretion to review the merits of the State's petition due to an error of law, as determined in Division 1, supra, we hold the court's order to be appealable by the State pursuant to OCGA § 5-7-1 (a) (5).

(b) Our analysis does not end here. An appellate court's duty to examine jurisdiction extends to matters likely to affect future litigation. Not unlike the ability to examine issues that would otherwise be moot, an appellate court's decision to explore the subject of its own jurisdiction takes into account several factors. For example,

The courts find justification for deciding issues raised . . . when (1) the public interest will be hurt if the question is not

---

[10] (Citation and punctuation omitted.) *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001).

[11] (Emphasis supplied.) OCGA § 5-7-1 (a) (5).

immediately decided; (2) the matter involved is likely to recur frequently; (3) it involves a duty of government or government's relationship with its citizens; and (4) the same difficulty that prevented the appeal from being heard in time is likely to again prevent a decision.[12]

We find each of the above factors relevant in the current situation involving a frequently occurring event, probation revocation, wherein the State attempts to carry out its duty to enforce sentencing provisions, and a trial court's final order permitting a previously convicted defendant to remain on probation after an alleged violation of probation may have an effect on the citizens of this State and the public interest. Thus, although we decide the instant case based on the right to appeal contained in OCGA § 5-7-1 (a) (5), an examination of the State's *general* right to appeal in a probation revocation context — and, thus, our jurisdiction to entertain such — is an issue fairly raised by the current appeal.

Like competency, in rem drug forfeiture, and habeas, all of which may arise from criminal acts but are not, themselves, criminal proceedings,[13] a probation revocation may arise from criminal conduct, but it is not, itself, a criminal action: a "revocation hearing . . . is not a criminal proceeding."[14] Accordingly, the appeal procedures of OCGA § 5-7-1, which governs State appeals in "criminal cases,"[15] would not appear to apply.

Neither is a probation revocation a completely civil proceeding; it "is an act of grace extended to one already convicted of a crime in a trial providing the full protection of due process of law, the rights of an offender in a probation revocation hearing are *not* those extended by the Constitution of the United States to one on trial in a criminal prosecution."[16] Accordingly, a civil appeals procedure would not appear strictly applicable, either.

So, in reviewing the State's right to appeal the denial of a probation revocation petition, we must be guided by additional authority in deciding whether criminal limitations to State appellate rights actually have validity in such context, or whether the State, as any other party, should be permitted to appeal a trial court's unfavorable

---

[12] (Footnotes omitted.) *Hopkins v. Hamby Corp.*, 273 Ga. 19 (538 SE2d 37) (2000).

[13] See, respectively, *Stowe v. State*, 272 Ga. 866, 867 (2) (536 SE2d 506) (2000); *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555 SE2d 459) (2001) (Hunstein, J., dissenting); *Green v. Caldwell*, 229 Ga. 650, 651 (1) (193 SE2d 847) (1972).

[14] *Simpson v. State*, 252 Ga. App. 1, 3 (555 SE2d 247) (2001).

[15] OCGA § 5-7-1 (a).

[16] (Citation and punctuation omitted; emphasis supplied.) *Sheffield v. State*, 445 S2d 989, 991 (Ala. Crim. App. 1984). See also *Meadows v. Settles*, 274 Ga. 858, 862 (4) (561 SE2d 105) (2002).

judgment under a corresponding civil analysis. And, in making such decision, we find guidance in the Supreme Court of Georgia decision, *State v. Tyson*.[17] Therein, the Court reviewed the general basis for a limitation on the State's right to appeal in criminal cases:

> Historically, the prosecution in the United States has had a limited right to appeal in criminal cases. This general principle is based on the fundamental rule of the common law embodied in the Fifth Amendment to the United States Constitution: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." In 1973, the Georgia General Assembly enacted OCGA § 5-7-1, which gives the state a limited right to appeal certain orders, decisions, and judgments in criminal cases to the court of appeals or supreme court, and OCGA § 5-7-3, which extends the same right to the state in proceedings by certiorari. This legislation was part of a national trend to broaden the prosecution's right to appeal in criminal cases consistent with national standards being developed by the American Bar Association.[18]

This overview regarding the historic rationale for the limitation on the State's right to appeal in criminal cases persuades us that such criminal restrictions may be inapplicable in a quasi-civil probation revocation context, because Fifth Amendment Double Jeopardy concerns are simply not present:

> [t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. [There have been] established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment.[19]

In recognizing that a probation revocation proceeding is not a "criminal case"; that the historic, legal precedent for restriction on the State's right to appeal does not apply to a quasi-civil probation

---

[17] 273 Ga. 690 (544 SE2d 444) (2001).
[18] (Footnotes omitted.) Id. at 691.
[19] *United States v. DiFrancesco*, 449 U. S. 117, 137 (101 SC 426, 66 LE2d 328) (1980).

revocation; and that the State has rights as a party in a noncriminal judicial proceeding that have been recognized in other contexts, such as forfeiture and habeas, we conclude that a limited right to appeal an adverse ruling denying a probation revocation petition may be available to the State under the discretionary appeals procedure pursuant to OCGA §§ 5-6-33 and 5-6-35 (a) (5) applicable to orders revoking probation.[20] As we stated in 1994 in our decision in *State v. Wilbanks*,[21] when addressing the State's right to appeal a trial court's order in a probation revocation proceeding, "Jurisdiction lies upon application only. OCGA § 5-6-35 (a) (5)."[22]

In this case, the State filed an application for discretionary review, which this Court granted because of the error of law explained in Division 1, supra. The applicable discretionary appeal procedure having been followed, jurisdiction appears properly conferred.[23]

*Judgment vacated and case remanded for proceedings not inconsistent with this opinion. Smith, P. J., and Ellington, J., concur in judgment only.*

DECIDED NOVEMBER 27, 2002 

*N. Stanley Gunter, District Attorney, Gerald R. Ryan, Jr., Assistant District Attorney*, for appellant.
*Robert L. Ferguson*, for appellee.

---

[20] In so doing, we recognize that a determination to revoke or not to revoke probation is within the broad authority of the trial court pursuant to OCGA § 17-10-1 (a); thus, whether from a State appeal or a defendant appeal, where the facts of record support the trial court's determination, and absent an error of law, a discretionary application for appeal in a probation proceeding will seldom be granted.

[21] 215 Ga. App. 223 (450 SE2d 293) (1994).

[22] Id.

[23] *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994).