## A02A2352. NELSON v. THE STATE.

(578 SE2d 173)

MILLER, Judge.

David Dale Nelson pled guilty to one count of possession of methamphetamine and one count of possession of marijuana. Following a second hearing concerning various probation violations, the trial court required Nelson to, among other things, serve time in a probation detention center as an additional condition of probation. On appeal, Nelson contends that the trial court erred in (1) sentencing him to serve seven years in a probation detention center, (2) allowing Nelson's probation officer to testify at the revocation hearing that Nelson admitted to using methamphetamine, (3) finding, based on hearsay, that Nelson's probation could be revoked due to the commission of a new offense, and (4) revoking Nelson's probation based on incidents that occurred prior to Nelson's first probation revocation hearing but were not raised until his second revocation hearing. We discern no error and affirm.

The record reveals that, after pleading guilty to possession of methamphetamine and possession of marijuana, Nelson was sentenced as a first offender to seven years (ninety days in jail with the remainder to be served on probation). When Nelson failed to report to his probation officer and pay court-ordered fines, the State moved to revoke his probation. Following a revocation hearing, Nelson was adjudicated guilty, and the court sentenced Nelson to, among other things, 15 years probation with 16 consecutive weekends to serve in jail.

While Nelson was serving one of his weekends in jail, his probation officer asked him if he was taking any drugs and had Nelson give him a urine sample. Before the probation officer sent the urine sample to the lab for testing, he informed Nelson that if he had used methamphetamine and the lab results were going to come back positive, then it might look better for Nelson to simply admit to such drug use then and there. Nelson indicated that he knew that the test results would come back positive, and after being informed by the probation officer that Nelson could only sign a chain of custody form admitting to the use of methamphetamine if he was doing so voluntarily, Nelson signed the form admitting that he had used methamphetamine.

Nelson's probation officer also learned that, prior to his first probation revocation hearing, Nelson had been arrested. Nelson had not informed his probation officer of this arrest, and the probation officer did not receive confirmation of the arrest until after Nelson's first probation revocation hearing had already taken place.

The State then filed a second petition to revoke Nelson's probation, contending that Nelson had violated his probation by (1) using

methamphetamine and (2) committing the new offenses of possession of methamphetamine, shoplifting, and attempting to manufacture methamphetamine. The shoplifting and attempting to manufacture offenses were based on the arrest that took place prior to Nelson's first revocation hearing.

During Nelson's second probation revocation hearing, Nelson's probation officer was allowed to testify regarding Nelson's admission that he had used methamphetamine. In addition, the arresting officer with respect to the shoplifting and manufacturing offenses testified at the hearing. The trial court determined that the evidence did not show that Nelson had violated his probation by attempting to manufacture methamphetamine, but did support a finding that he had violated his probation based on the other grounds alleged in the State's petition. The trial court then added the new condition to Nelson's probation that Nelson serve seven years in a probation detention center. Nelson appeals.

1. Nelson contends in two enumerations that the trial court acted beyond its authority by sentencing him to serve seven years in a probation detention center as a condition of his probation. However, this Court has already rejected such arguments in *Syms v. State*, 257 Ga. App. 521, 522 (1) (571 SE2d 514) (2002). These enumerations are therefore without merit.

2. Nelson argues that the trial court erred in allowing Nelson's probation officer to testify regarding Nelson's admission that he had used methamphetamine. Nelson contends that the officer should have read Nelson his *Miranda* rights prior to questioning him. We disagree.

"Generally, a probationer has no Fifth Amendment privilege with regard to questions relevant to the status of his or her probation." *Simpson v. State*, 252 Ga. App. 1, 2 (1) (555 SE2d 247) (2001). Where, as here, the information obtained from Nelson was not elicited for purposes of charging him with a new crime, but merely to ensure that Nelson was complying with the conditions of his probation, the use of Nelson's admission in the revocation hearing (which is not a criminal proceeding) did not violate *Miranda*. Id. at 3 (1).

3. Nelson claims that the trial court could not properly find that he violated his probation by committing the new offense of shoplifting, because the only evidence offered to show this new offense was based on hearsay. We disagree.

A court may only revoke part of a probated sentence where the defendant admits to the probation violation as alleged or where the State proves the alleged violation by a preponderance of the evidence. OCGA § 42-8-34.1 (b); see also *Simpson*, supra, 252 Ga. App. at 2 (1). Hearsay cannot be relied upon to justify a probation revocation. *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994).

Here, the record reveals that the evidence offered to show shoplifting was based on the arresting officer's own observations, and was sufficient to warrant the probation revocation. Specifically, the officer was dispatched to a store to investigate an unruly customer connected to a suspected incident of shoplifting. When the officer arrived at the store, he saw Nelson and patted him down to ensure that Nelson did not have any weapons. The officer found that Nelson had several antihistamine packets on his person, as well as pills that were still in their foil packages but had been taken out of their boxes. The officer also testified that he found some of the empty boxes in Nelson's pockets. We find no error in the trial court's conclusion that the admissible evidence supported a finding that Nelson violated his probation by committing the offense of shoplifting. See, e.g., *Riggins v. State*, 206 Ga. App. 239, 240-241 (1) (424 SE2d 879) (1992) (witness testimony regarding robbery, although not completely consistent, was sufficient to warrant probation revocation).

4. We find no merit to Nelson's contention that the trial court erred in considering an offense that took place prior to his first revocation hearing in his second revocation hearing. As a condition of his original probation, Nelson was required to comply with the law and report "[a]ll arrests for any reason . . . within seventy-two hours to the Probation Supervisor." Nelson failed to comply with these requirements. If a court were not allowed to consider in a subsequent revocation proceeding evidence of an offense that a probationer concealed from his probation officer prior to his first revocation hearing, then probationers would be given an incentive to conceal information from their probation officers in violation of their probation. We decline to adopt a holding that would encourage probationers to violate the terms of their probation by deceiving their probation officers and then later to attempt to use their deception as a basis for appeal. See, e.g., *Johns v. State*, 223 Ga. App. 553, 554-555 (2), (3) (479 SE2d 388) (1996).

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Christopher A. Townley*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.