## A05A0832. PARKER v. THE STATE.
### (619 SE2d 750)

ADAMS, Judge.

We granted Ronald H. Parker's application for discretionary review of an order revoking his probation based upon the commission of a new felony offense (burglary). Parker contends there was insufficient evidence to support the revocation. We agree and reverse.

OCGA § 42-8-34.1 (b) provides that "[a] court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of evidence the violation or violations alleged." And " '[t]his court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.' " (Footnote omitted.) *Dugger v. State*, 260 Ga. App. 843 (581 SE2d 655) (2003).

The evidence adduced at the revocation hearing was as follows: In April 2003, Betty Roane employed Parker for a painting job at her home located at 1 River Place Drive in Rome, Georgia. Parker was incarcerated for violating the Georgia Controlled Substances Act before he finished the job, and Roane allowed Parker to return after he was released on probation in the summer of 2003 to complete the painting. After that, Parker called Roane several times to set up more work but she did not return his calls.

On January 20, 2004, two employees of Forevergreen tree service, Jimmy Komanitzky and Geraldo Flores, were at Roane's home to trim some branches. Komanitzky testified that about 2:30 p.m. a car stopped at Roane's driveway and a man, subsequently identified as Parker, got out. The car drove away and Parker approached Komanitzky and told him that he had previously done some painting for Roane, and that he had an appointment with her at 2:00 that day. Komanitzky told Parker he had not seen Roane all day, and the two continued talking for five to ten minutes about the work each had performed at the house. At one point, Parker put a swing that Komanitzky had planned to haul away as trash back on the porch, explaining that he had not yet finished painting it. Komanitzky returned to his work, and Parker walked around the left side of the house. When Parker did not reappear by the time he was ready to leave about 20 minutes later, Komanitzky contacted his boss, who in turn contacted Roane. Roane testified that she did not have an appointment with anyone that day, and immediately returned home. Although an initial search did not turn up anything missing, Roane quickly noticed she was missing a pillow case, and both she and her son soon discovered that they were missing a number of items, such

as money from a bank, checks from a checkbook and jewelry. Two of Roane's son's jackets were also missing, although that was not discovered until later.

Parker was arrested several days later at his girlfriend's apartment, where he had been staying. Police did not attempt to search the bedroom he had been using at his girlfriend's apartment, and none of the items missing from Roane's home were ever recovered.

Parker argues that the circumstantial evidence introduced at the hearing was insufficient to convict him beyond a reasonable doubt. But it was not necessary for the State to prove Parker's guilt beyond a reasonable doubt. "As a general matter, 'the evidence produced at the revocation hearing must establish the violations of probation only by a preponderance of the evidence, not beyond a reasonable doubt. OCGA § 42-8-34.1 (a).' *Stozier v. State*[, 248 Ga. App. 306, 308 (2) (546 SE2d 290) (2001)]." *Simpson v. State*, 252 Ga. App. 1, 2 (1) (555 SE2d 247) (2001).

However, we agree with Parker that the evidence was insufficient here, even under the lessened preponderance of the evidence standard. In order to establish the offense of burglary, the State was required to show by a preponderance of the evidence that Parker entered Roane's residence with the intent to commit a theft. OCGA § 16-7-1. The evidence in this case showed only that Parker was present on the outside of the home on the date the crime allegedly occurred. No one saw him enter the residence, he was not seen or found inside, no one saw him remove any items from the house, no extrinsic evidence connecting him to the crime was discovered at the scene, none of the stolen items were recovered from Parker or from his residence, and others with equal opportunity to enter the dwelling were present on the date in question. Because the evidence was insufficient, under a preponderance of the evidence standard, to find that Parker committed the offense of burglary, the trial court manifestly abused its discretion by revoking Parker's probation. *Anderson v. State*, 212 Ga. App. 329 (442 SE2d 268) (1994) (slight evidence that defendant committed the alleged violation, but not a preponderance of the evidence). See also *Young v. State*, 265 Ga. App. 425, 427 (594 SE2d 667) (2004); *Overby v. State*, 237 Ga. App. 730, 731-732 (1), (2) (516 SE2d 585) (1999); cf. *Riggins v. State*, 206 Ga. App. 239, 240 (1) (424 SE2d 879) (1992). Accordingly we reverse.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 9, 2005.

*James C. Wyatt*, for appellant.

*Leigh E. Patterson, District Attorney, Kay A. Wetherington, Suhirjahaan S. Morehead, Assistant District Attorneys,* for appellee.