## 59255. BIVENS v. THE STATE.

BIRDSONG, Judge.

Bad check. Appellant Bivens sought the legal services of one Steinberg. Bivens and Steinberg agreed that Bivens would pay a legal fee of $500. These services were to be paid for by Bivens as the services were rendered. In July, 1977, Bivens gave Steinberg five checks, each in the amount of $100. The checks were to be negotiated by Steinberg, one at the end of July and the remaining four individually at the end of the succeeding four months, but only for services rendered. A literal reading of that contract is that if Steinberg did not render any services in a particular month, the check for that month would not be negotiated. In fact, the last three checks have never been negotiated by Steinberg nor has Steinberg made any contention that services were rendered so as to make any legal fees due and owing in relation to the last three checks.

At the end of the first period of services, Steinberg negotiated the first check and was paid by the drawee bank for those services. At the end of the second month, Steinberg negotiated the second check for services rendered during that month. This check was returned for

insufficient funds. Efforts to obtain payment on this check proved fruitless. At a bench trial Bivens was convicted of issuing a check for a present consideration with intent to defraud, i. e., that at the time he issued it, he knew there would be insufficient funds to cover the check. Bivens brings this appeal enumerating error on the general grounds. *Held:*

We reverse. A person commits criminal issuance of a bad check when he makes a check for the payment of money on any bank in exchange for a present consideration, knowing that it will not be honored by the drawee. Code Ann. § 26-1704. In effect what occurred in this case is that Bivens gave Steinberg a check for services rendered in the month of July for $100. He gave four post-dated checks for further services to be rendered, each dated one month apart. At the time of the giving of the five checks, it is uncontested that Bivens was employed and had sufficient funds at least to meet the first check when presented for payment. Between the time of the payment of his first check and the second, Bivens lost his job and had his home repossessed and claimed indigency.

The evidence shows only that when the first check was presented it was paid. At best, there is implied in the issuance of the checks a promise to cover the drafts when they were presented in the future. Such a promise of future performance cannot serve as a basis for a bad check charge. *Highsmith v. State,* 38 Ga. App. 192 (143 SE 445); *Neidlinger v. State,* 17 Ga. App. 811 (2) (88 SE 687). As noted in LaFave and Scott, Criminal Law, § 92, if a check is postdated, or if the giver of the check states that he has not enough money in the bank to cover it though he expects to have it by the time the check is presented for payment, there can be no implied representation that there is now enough on deposit to cover the check. In short the state did not prove by implication or otherwise, that Bivens issued checks in July, 1977, with a present fraudulent intent of deceiving Steinberg at the time of issuance by not intending to have funds in the bank sufficient to meet the checks upon presentment. The evidence presented being insufficient to prove the elements of the offense charged, the trial court erred in entering a finding of guilty of that offense. Accordingly

the judgment of the court is reversed with direction to enter a judgment of acquittal in favor of Bivens.

*Judgment reversed with direction. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED FEBRUARY 27, 1980.

*Horton J. Greene,* for appellant.

*William E. Frey, Solicitor, Martin L. Cowen, III,* for appellee.