## 60289. REY v. THE STATE.

SOGNIER, Judge.

Appellant Rey pleaded guilty to a charge of aggravated assault in June, 1978. He was sentenced under the First Offender Statute to six years probation. On September 11, 1979 a petition for revocation was filed alleging that appellant violated the terms of his probation by committing the offenses of kidnapping, rape and aggravated assault. After a revocation hearing the trial court revoked Rey's probation; on appeal, he contends that the trial court erred in failing to state in its order of revocation the facts upon which it relied.

The rule in Georgia requires that the order revoking probation must state the evidence relied upon and the reasons for revocation, *Reed v. State,* 151 Ga. App. 226, 227 (259 SE2d 209) (1979), and the trial court's original order failed to include such findings.

After appellant filed his notice of appeal in this court, the trial court entered an amended order which included the evidence relied upon and the reasons for revoking appellant's probation. Appellee argues that because of this amended order, appellant's enumeration of error is without merit. We do not agree, because the trial court was without jurisdiction to supplement its judgment after appellant filed his notice of appeal in this court. *Sumbry v. Land,* 127 Ga. App. 786, 792 (1) (195 SE2d 228) (1972).

We remand the appeal with direction that the trial court vacate its original order and judgment revoking probation, and issue a new order in accordance with the requirements of this opinion, with the right of appeal being preserved to both parties.

Because of our ruling, it is unnecessary to discuss appellant's other enumerations of error at this time.

*Judgment reversed and remanded with directions. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 8, 1980 — DECIDED
NOVEMBER 17, 1980.

*James M. Watts, Milton F. Gardner, Thomas J. Phillips,* for appellant.

*Joseph H. Briley, District Attorney,* for appellee.