### 69166. ALLEN v. THE STATE.
(323 SE2d 242)

DEEN, Presiding Judge.

On June 3, 1980, the appellant, George Allen, pleaded guilty to two counts of violating the Georgia Controlled Substances Act, for which he was sentenced to serve five years' probation on each count consecutively. On February 27, 1984, the State filed a petition to revoke the appellant's probation, alleging that he had breached the conditions of his probation by again violating the Controlled Substances Act between October 1983 and February 1984 and by failing to report to his probation officer as required on five occasions. After a hearing on the petition on March 16, 1984, the trial court revoked the probation, finding that the appellant had violated the terms of his probation as set forth in the petition for revocation. On appeal, Allen contends, inter alia, that the trial court erred in failing to state in its order of revocation the facts upon which it relied. *Held:*

"The rule in Georgia requires that the order revoking probation must state the evidence relied upon and the reasons for revocation." *Rey v. State,* 156 Ga. App. 474 (274 SE2d 822) (1980); accord *Reed v. State,* 151 Ga. App. 226, 227 (259 SE2d 209) (1979). In the instant case, the trial court, in lieu of specific findings of fact and reasons, chose to adopt as fact the allegations set forth in the petition of revocation. This incorporation of the petition's general allegation of a violation of the Georgia Controlled Substances Act between October 1983 and February 1984 simply was insufficient as the requisite statement of evidence relied upon, and remand to the trial court for an adequate order would be necessary if only this violation of the probation were concerned. *Reed v. State,* supra.

However, the petition did specify the five dates on which the appellant allegedly had failed to report to his probation officer. The trial court thus made sufficient findings of fact, with regard to this charged basis for revocation, by adopting that specific allegation in its order of revocation. The appellant's probation officer testified from his personal knowledge and the appellant's probation file about the five ab-

sences, and the appellant admitted the non-appearances (although he offered explanations for the non-compliance). This certainly constituted the slight evidence of a violation of the conditions of probation needed to authorize revocation of that probation. *Hayes v. State*, 168 Ga. App. 94 (308 SE2d 227) (1983).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1984.

*Harold E. Martin*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.