## A89A2074. BARNETT v. THE STATE.
(392 SE2d 322)

McMURRAY, Presiding Judge.

The State brought this probation revocation proceeding against defendant alleging he violated the terms and conditions of his probation in a number of particulars. Specifically, it was alleged that defendant violated the rules of the Athens Diversion Center ("ADC") as

follows: "Violation ADC Rule #6 Failure to be at assigned destination 4-7-89 and 4-10-89. Violation ADC Rule #3 Fired from job 4-11-89. Violation ADC Rule #4 Failure to turn in pay to center 4-14-89. Violation ADC Rule #1 Failure to obey order of staff member 4-18-89. Violation ADC Rule #3 Fired from job 4-28-89. Violation of ADC policy to submit to urine test when ordered on 5-16-89. Disorderly conduct 5-17-89." Following a hearing, the trial court determined that defendant violated "the terms of probation contained in the sentence imposed upon him . . . as alleged in the petition for revocation of probation except the alleged discharge of the Defendant on April 28, 1989. . . ." Based on the alleged violations, the trial court modified defendant's probation in certain particulars. We granted defendant's application for a discretionary appeal. *Held:*

With regard to a majority of the allegations set forth in the petition, the only evidence introduced by the State was hearsay evidence. Although jurisdictions differ, see Annot., Admissibility of Hearsay Evidence in Probation Revocation Hearings, 11 ALR 4th 999 (1982), in this jurisdiction hearsay evidence is inadmissible in a probation revocation proceeding. See *Holbrook v. State*, 162 Ga. App. 400, 402 (2) (291 SE2d 729). See generally *Yarber v. State*, 162 Ga. App. 475 (291 SE2d 780); *Bradshaw v. State*, 163 Ga. App. 819, 821 (3) (296 SE2d 119).

Of course, hearsay evidence is without probative value. *Collins v. State*, 146 Ga. App. 857 (1), 860 (247 SE2d 602). Thus, such evidence is incapable of supporting a trial court's findings whether or not objection was lodged.

In relying upon hearsay evidence to support the majority of its findings in the case sub judice, the trial court erred. See *Mills v. Bing*, 181 Ga. App. 475, 477 (2) (352 SE2d 798). However, inasmuch as some of the allegations in the petition were supported by probative evidence (e.g., the failure to submit to a urine test on May 16, 1989, and the disorderly conduct on May 17, 1989), it cannot be said the trial court erred in modifying defendant's probation. See *Allen v. State*, 172 Ga. App. 323 (323 SE2d 242).

*Judgment affirmed. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I dissent because, based on the ruling that the court took into account inadmissible evidence in determining to revoke probation and in fashioning a modified sentence, the case should be remanded for the trial court's reconsideration of the modified sentence. Since this court cannot substitute its judgment for that of a trial court in determining what is an appropriate sentence when a defendant has violated probation, it cannot assume that the court would have set the

same sentence had it not considered the alleged infractions for which there was no competent evidence.

Appellant had originally negotiated pleas of guilty to entering an auto and theft by taking of an auto. He had been sentenced to serve three years, to be followed by five years of probation with certain conditions. After imprisonment, probation was started but was revoked and appellant was sent to the local diversion center. Alleged violations in that environment brought another revocation hearing, and we have now ruled that "a majority of the allegations" were inadequately proven. Thus the modification of sentence must be based on the failure to submit to a urine test and an instance of disorderly conduct the next day; allegations concerning employment and a staff member's order remain unproven and are not to be taken into account. Whether the appropriate disposition for the properly established violations is to be the same, i.e., 120 days at the detention center and then residence at a different diversion center, is problematic. The decision is up to the sentencing court, to be reached after a consideration of the proved violations which were proved, the circumstances presented, and the available resources.

By affirming without an opportunity for the trial court to exercise its own judgment to tailor the sentence to fit the proved allegations of misbehavior, this court usurps the trial court's function. OCGA §§ 42-8-34.1 (b); 42-8-38 (c). This is not to say that the trial court could not impose the same terms upon reconsideration.

*Allen v. State*, 172 Ga. App. 323 (323 SE2d 242) (1984), is distinguishable, at least in that the trial court revoked Allen's probation altogether. In this case the court continued defendant on probation and transferred him to a certain detention center for 120 days, with the balance of the sentence remaining in accordance with the original sentence as previously modified, except that his next residence following the detention center was to be a different and particular diversion center.

Also in *Allen*, the burden of proof of violation was only "slight evidence," whereas now it is "preponderance of the evidence." OCGA § 42-8-34.1 (a).

DECIDED MARCH 15, 1990.

*Kathleen J. Anderson*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.