## A94A0478. GOODSON v. THE STATE.
(444 SE2d 603)

COOPER, Judge.

This appeal follows our grant of defendant's application seeking discretionary review of the trial court's order revoking his probation. Defendant was charged with the murder of his wife.[1] At the time of his arrest, defendant was on probation for previous convictions of theft by taking and habitual violator. A petition was issued for revocation of defendant's probation alleging that defendant had violated the terms of his probation by committing the new offense of felony murder. On August 26, 1993, an evidentiary hearing was held to determine if the probated sentence should be revoked. At this hearing, all of the evidence brought forward by the State in support of its contention that defendant had committed this new criminal offense was wholly hearsay in nature. Nevertheless, the trial court entered an or-

---

[1] The charge was subsequently reduced to felony grade involuntary manslaughter following the preliminary hearing.

der revoking the balance of defendant's probation.

Hearsay evidence has no probative value and is inadmissible in a probation revocation proceeding. *Barnett v. State,* 194 Ga. App. 892 (392 SE2d 322) (1990). "Thus, such evidence is incapable of supporting a trial court's findings whether or not objection was lodged." Id. at 893.

The State concedes on appeal that all of the evidence at the hearing was hearsay but argues that the revocation order should be upheld anyway because testimony at the hearing indicated that at the time of his arrest, defendant admitted he had been using crack cocaine and codeine syrup which would have alone afforded the trial court a legitimate basis for revoking the remainder of defendant's probated sentence. We disagree. "[A]lthough ordinarily a judgment right for any reason must be affirmed, where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. [Cit.]" *Sosbee v. State,* 155 Ga. App. 196 (270 SE2d 367) (1980). Thus, a probation revocation cannot stand if the revocation is not made on the ground stated in the petition. Id. at 196. "While the evidence might have supported a finding that the defendant violated a condition of his probation [by possessing illegal substances], this was not one of the grounds stated in the petition for revocation of probation. Therefore the order of revocation was erroneous. [Cits.]" *Radcliff v. State,* 134 Ga. App. 244, 245 (214 SE2d 179) (1975).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.