A99A0533. OVERBY v. THE STATE.
(516 SE2d 585)

McMurray, Presiding Judge.

Defendant Marshall Overby pleaded guilty of a felony violation of the Georgia Controlled Substances Act, for growing marijuana,

and received a ten-year sentence to be served under intensive probation. The State subsequently petitioned to revoke defendant's probation on the ground he committed the new offenses of cruelty to children and battery on June 8, 1998.

At the hearing, the State's only witness[1] was Officer Steve Daniel Thomas of the Franklin County Sheriff's Department, who responded to a complaint at defendant's residence. Defendant was not at the residence when Officer Thomas arrived. Officer Thomas identified State's Exhibits 1 through 4 as photographs he took of defendant's sister, Kimberly Reese, and her son, Joshua. These pictures reveal a "hematoma and a laceration on the back of [Joshua's] head," plus "a bruise and an abrasion on the back of the arm of Kimberly Reese[,] and also the side of her face where there's an abrasion. . . ." When Officer Thomas stated that "she [Kimberly Reese] reported that he [defendant] pushed her up against a tree," defendant objected to hearsay. The State offered this testimony "to show the reason why the officer took that particular photograph *and for no other purpose*." (Emphasis supplied.) The trial court "allow[ed] him [Officer Thomas] to testify, *but not as to the truthfulness* of what was told to him." (Emphasis supplied.)

The victims were not under subpoena to appear at this revocation hearing, although "they knew that this hearing was going to come up." Officer Thomas understood Kimberly Reese was in Utah at the time. He reported that Reese "came in a couple of days after this and wanted to make a — wanted to change her statement."

The trial court revoked probation and ordered defendant to serve four years. Defendant's application for discretionary appeal was granted by this Court, and a timely notice of appeal was filed. *Held*:

On appeal, defendant contends there is no competent evidence to support the allegations that he violated the terms of his probation by committing the new offenses of cruelty to children and battery. We agree and reverse.

1. "[No] court may revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violation alleged." OCGA § 42-8-34.1 (a). But in the case sub judice, there simply is *no evidence* of record, hearsay or otherwise, identifying defendant as the

---

[1] Officer Thomas had a "cassette tape, a copy of the 911 call," but this was never played for the trial court or otherwise introduced into evidence. Similarly, Officer Thomas took statements from the victims, but the substance of those statements was never put into evidence.

cause of the hematoma and laceration on the back of Joshua's head.

2. There is no competent evidence in this record that defendant committed the new offense, of battery against his sister, Kimberly Reese.

"Hearsay evidence has no probative value and is inadmissible in a probation revocation proceeding. [Cit.] 'Thus, such evidence is incapable of supporting a trial court's findings whether or not objection was lodged.' [Cit.]" *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603), applying the whole court decision in *Barnett v. State*, 194 Ga. App. 892 (392 SE2d 322).

(a) In the case sub judice, the trial court admitted the testimony of Officer Thomas relating a statement by the victim Kimberly Reese to the effect that defendant pushed her up against a tree with the express proviso that it was *not* allowable to show the truth of that statement. Although the State submits on appeal that the contents of the victims' statements to the investigating officer are admissible as res gestae, this argument was eschewed below when the State's attorney informed the trial court that the hearsay objected to by defendant was submitted only to show why the officer took photographs of the victims,[2] "and for no other purpose."

(b) Next, the State argues that the contents of the victims' statements are admissible as a "necessity" exception to the rule prohibiting hearsay, under OCGA § 24-3-1 (b).

"The two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered. . . ." [Cits.]

(Emphasis omitted.) *Higgs v. State*, 256 Ga. 606, 607 (3) (351 SE2d 448).

But in the case sub judice, the trial court was never asked to consider this theory of admissibility and never made any factual findings to support admission under the "necessity" exception to the hearsay rule. "Since the question was not presented to or ruled upon by the trial court, we decline . . . to encroach upon the factfinding

---

[2] We express no opinion on whether the trial court should have admitted the complete contents of each victim's statements to Officer Thomas as substantive evidence of the truth, as no other statement was offered by the State. But see *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136).

function of the trial court." *Farmer v. State*, 266 Ga. 869, 870 (3) (472 SE2d 70).[3] Unlike *Farmer v. State*, there is in this case no enumeration of error predicated upon the trial court's evidentiary ruling admitting hearsay, whether for a limited purpose (but expressly not the truth) or as substantive evidence. Rather, the sole question for determination is whether the evidence is sufficient to support revocation of defendant's probation. We hold the evidence is not sufficient and reverse. Consequently, it is not appropriate to remand, as in *Farmer*, for further foundation factfinding by the trial court.

*Judgment reversed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 22, 1999.

*Billy I. Daughtry, Jr.*, for appellant.

*Robert W. Lavender, District Attorney, Kathleen R. Johnson, Assistant District Attorney*, for appellee.

---

[3] In dissent, Justice Carley argued the "right-for-any-reason" rule should be applied to authorize the use of hearsay under the "necessity" exception. 266 Ga. 873, supra.