## A00A1605. COUCH v. THE STATE.
### (539 SE2d 609)

POPE, Presiding Judge.

In this discretionary appeal, Couch appeals the judgment of conviction entered upon a revocation of first offender's probation. Because the trial court failed to credit Couch with time already served on probation, we remand for resentencing.

On December 16, 1993, Couch pled guilty to one count each of aggravated assault on a peace officer, violation of the Georgia Controlled Substances Act (possession of cocaine), driving under the influence, fleeing or attempting to elude a police officer, and reckless driving. He was sentenced as a first offender to boot camp plus ten years probation and a fine for aggravated assault and one year of probation to be served concurrently for possession of cocaine. He was also sentenced to three years of probation for the remaining counts, to be served concurrently.

On October 6, 1999, the State filed a petition to revoke Couch's probation for committing the subsequent offenses of obstruction,

---

[14] (Citations and punctuation omitted.) Id. at 816-817 (2); see *Wallace*, supra, 240 Ga. App. at 659 (1).

DUI, hit and run, and failing to avoid intoxication. After a hearing, the court revoked probation based on the finding that Couch had committed the offenses of obstruction, DUI, and hit and run. The court adjudged Couch guilty of aggravated assault on a peace officer. He sentenced Couch to eighteen years with the first five years to be served followed by probation and ordered him to pay a fine and probation supervision fees. The court further ordered that the sentence was "in addition to any time [and] sentence already served."

1. The State concedes that the court erred by failing to give Couch credit for the over six years time already served on probation. *Franklin v. State*, 236 Ga. App. 401, 402 (1) (512 SE2d 304) (1999). The sentence is vacated and the case remanded for resentencing.

2. Couch urges that the court erred in finding sufficient evidence of a violation of probation.

The evidence produced at the revocation hearing must establish the violations of probation by a preponderance of the evidence. OCGA § 42-8-34.1 (a). "Hearsay evidence has no probative value and is inadmissible in a probation revocation proceeding." *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994), applying *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990). "Thus, such evidence is incapable of supporting a trial court's findings whether or not objection was lodged." Id. But if some of the allegations regarding revocation are supported by admissible evidence, the revocation decision will be affirmed. Id.

(a) Couch was charged with obstruction because he failed to come to the door of his home at the request of probation officers, and instead, he had to be captured outside at gunpoint. Couch contends that the charge was based on several hearsay statements from his wife and from the nontestifying probation officer. But, nonhearsay evidence that the officers identified themselves, that they asked Mrs. Couch about Couch's whereabouts, that Couch did not come to the door, that she was communicating with someone at the back of the house, and that Couch was found hiding in the bushes outside the home is sufficient to support the finding by a preponderance of the evidence that Couch was obstructing the officers from their duty. See OCGA § 16-10-24 (a). But see *Porter v. State*, 224 Ga. App. 276, 280 (2) (480 SE2d 291) (1997) (fleeing alone is an insufficient basis for obstruction).

(b) Couch contends the charges of DUI and hit and run were not based on sufficient admissible evidence.

Mandy Dwyer testified that she was the victim of a hit and run accident. She stated that her burgundy colored car was hit by a burgundy or purple Toyota Tacoma pickup truck. A brief glimpse revealed that the driver was a white man. A bystander stopped and gave her the license tag number of the Tacoma.

Officer Thompson testified that she responded to a call about an accident in which she was given a description of the truck and the tag number. She got the same information directly from Dwyer as well. Thompson ran a check on the license number and found that the defendant was the owner of a Toyota Tacoma pickup. She went to his residence about 45 minutes after the accident, found a purple Tacoma in the driveway with damage on the driver's side bumper, and knocked on the door. Mrs. Couch invited the officer in, and Thompson woke up Couch and read him his *Miranda* rights. Couch agreed to talk, said that he had had a couple of beers, admitted driving, but denied being in an accident. He gave off a strong odor of alcohol, had bloodshot, watery eyes, was disoriented, had slurred speech, and failed field sobriety tests. He was placed under arrest for driving under the influence and hit and run, was read the implied consent card, and refused to take a state-administered chemical test of his breath. Examination of the bumper of Couch's truck revealed "red paint flecks."

Couch argues that the license tag number was inadmissible double hearsay. But "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. Here, the bystander arrived on the scene immediately after the accident and gave Dwyer the tag number of the truck; the statement was part of the res gestae. See, e.g., *Super Discount Markets v. Coney*, 210 Ga. App. 659, 661 (4) (436 SE2d 803) (1993). And, the statement by the officer that the victim told her the tag number is not hearsay because the victim testified to making the statement at trial. Identification of Couch as the driver based on the license tag number was corroborated by the fact that he and his truck fit the description given by the victim and the truck had damage at the place described by the victim. The evidence was sufficient to support probation revocation based on hit and run. OCGA § 40-6-270.

Couch argues that there was no admissible evidence of intoxication because Officer Thompson is not certified in field sobriety testing, and the officer who performed the sobriety tests did not testify. However, Couch's statement that he had been driving and had had a couple of beers, together with Thompson's direct observation of Couch's condition, was sufficient under a preponderance of the evidence standard to support probation revocation based on the charge of driving under the influence. OCGA § 40-6-391 (a) (1). See, e.g., *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).

3. Couch next contends that he was not given sufficient notice of the charges against him and that therefore he was deprived of due process as guaranteed to him under both the U. S. and Georgia Constitutions. However, Couch did not raise this issue below, and there-

fore there is nothing for us to review. "This Court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court." *Clark v. State*, 236 Ga. App. 153, 155 (2) (510 SE2d 907) (1999).

Couch's argument that he can only be sentenced to two years under OCGA § 42-8-34.1 is not enumerated as error and is not before us. See also *State v. Wiley*, 233 Ga. 316, 318 (210 SE2d 790) (1974) ("No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing.").

*Judgment affirmed. Sentence vacated with direction. Miller and Mikell, JJ., concur.*

DECIDED SEPTEMBER 22, 2000.

*Spix, Krupp & Reece, Mark V. Spix, Bruce S. Harvey*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.