A06A1922. SMITH v. THE STATE.
(641 SE2d 296)

ADAMS, Judge.

This Court granted Perry Smith's discretionary appeal to determine whether the evidence supported the trial court's order revoking his probation.

Smith pled guilty in 2005 to two counts of cocaine possession and was given two concurrent six-year sentences, with one year to be served in confinement and the balance on probation. On October 18, 2005, the State moved to revoke Smith's probation alleging that he had committed the offenses of possession of cocaine and theft by receiving stolen property.

Officer Joseph Impeduglia of the Athens-Clarke County Police Department was the sole witness at Smith's revocation hearing. Impeduglia testified that on September 7, 2005, he responded to a call regarding stolen property. He interviewed the alleged victim and learned that an air compressor had been stolen from a van. The owner provided a description of the missing compressor. Smith's attorney interposed two hearsay objections during this testimony, and the State responded that it was introducing the evidence to show the reason behind the officer's investigation. The court overruled one of Smith's objections and sustained the other. In investigating the report of stolen property, Impeduglia went to the residence of a man whom he knew was often offered equipment to buy. He observed a truck with an air compressor in the back pulling out of the cul-de-sac in front of the man's house. The prosecutor asked Impeduglia whether the air compressor matched the description given by the alleged victim, and over Smith's attorney's objection, the trial court allowed him to reply that it did.

Impeduglia initiated a traffic stop of the truck, in which Smith was riding as a passenger. As he approached the truck Impeduglia noticed:

> There was some stickers on the compressor that identified it as Custom Lift Services, which is the business it was taken from or the — I don't know what I'm allowed to say there. But the business that the gentleman that had the compressor stolen owns, his stickers were on the compressor.

The officer questioned the driver of the truck and when he began to testify as to what the driver told him about Smith, Smith's attorney raised a hearsay objection, which the court sustained. Impeduglia then asked Smith who the compressor belonged to and why it was in the truck. Smith replied that he got the compressor from two men for $50. When the officer asked where the men had gotten the compressor, he said they had gotten it from "up the road." And when Impeduglia jokingly questioned the price, Smith replied that it was "probably stolen." The driver of the truck, Smith and another passenger were all charged with theft by receiving the air compressor.[1]

Smith contends that there is no competent evidence to support the allegations that he violated the terms of his probation by receiving stolen property. We agree and reverse.

A court may revoke probation based upon alleged violations if "evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. *Cheatwood v. State*, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001). Accordingly, "[i]f admissible evidence is presented in support of the allegations regarding revocation of probation, this court will affirm." *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

There was no admissible evidence in this case to establish that the compressor had been stolen. Although Impeduglia testified that he was responding to a stolen property call and that the alleged victims reported that an air compressor had been stolen from a van, the State represented that this testimony was offered only to explain the officer's actions. Thus, this evidence was not offered to show — and indeed, as hearsay, was not competent to show — that the air compressor had been stolen. "Hearsay evidence has no probative value and is inadmissible in a probation revocation proceeding. Thus, such evidence is incapable of supporting a trial court's findings whether or not objection was lodged." (Citations and punctuation omitted.) *Overby v. State*, 237 Ga. App. 730, 732 (2) (516 SE2d 585) (1999).

The State argues, however, that the preponderance of the evidence standard for probation revocation was met by the mere fact that Impeduglia had received a report of stolen property and by his testimony that the air compressor bore stickers with the name of the purported victim's business and that it matched the victim's description. We disagree. While this evidence was sufficient to show that the compressor in the truck may have belonged to someone else and to

---

[1] No evidence was offered on the charge of possession of cocaine.

explain the officer's actions in placing Smith and the others under arrest, it does not establish that the compressor was stolen in the first instance.

The decision in *Overby v. State*, 237 Ga. App. at 732 (2) (a), is instructive. There, the State sought revocation of Overby's probation on the ground that he had committed the offenses of cruelty to children and battery. The only witness at the revocation hearing was the police officer who had interviewed the alleged victim, and he testified that she told him Overby had pushed her up against a tree. That testimony was offered, however, only to show why the officer took a picture of the victim's injuries. Id. at 731. The Court reversed the trial court's revocation of probation because the only evidence of record indicating that the defendant had committed the crime was hearsay and it was introduced for another purpose. Id. at 732 (2) (a). See also *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994).

Similarly, the only evidence in this case that a crime was committed was the officer's hearsay testimony that he was told that an air compressor had been stolen and that testimony was offered only to show the officer's reasons for conducting an investigation.

Accordingly, we find that the trial court abused its discretion in revoking Smith's probation based upon incompetent and insufficient evidence, and we reverse.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 26, 2007.

*Elizabeth M. Grant*, for appellant.
*Kenneth W. Mauldin, District Attorney, Matthew C. Jordan, Assistant District Attorney*, for appellee.