A10A2062. IN THE INTEREST OF M. A. R., a child.
(702 SE2d 919)

JOHNSON, Judge.

A juvenile court judge found that 16-year-old M. A. R. committed the delinquent act of possession of alcohol by a minor.[1] M. A. R. appeals, contending there was insufficient evidence to support the finding of delinquency. We find no error and affirm M. A. R.'s adjudication.

Viewed in the light most favorable to support the juvenile court's

findings, the record shows that a police officer observed M. A. R. crossing the parking lot of a commercial property late at night. At the time, M. A. R. was drinking from a large can that the officer suspected contained alcohol. The officer approached M. A. R. While he no longer held a canned beverage, the officer testified that M. A. R. smelled of alcohol and his eyes were red and glossy. The officer went to the location where he had first seen M. A. R. and recovered a "23½ ounce juice malt beverage can, which contained 9.9% alcohol." The can "was very cold to the touch and it was right where [the officer] had last seen [M. A. R.]." When the officer returned to M. A. R. with the can, M. A. R. admitted he had been drinking alcohol, but the officer could not recall whether M. A. R. admitted he had been drinking from the recovered can.

M. A. R. argues that the evidence was insufficient to support his adjudication because the state's circumstantial evidence merely showed that he was present near an open beverage can allegedly containing alcohol. It did not show that he was in possession of the can. At trial, M. A. R. denied the can was in his possession and denied drinking alcohol. When considering a challenge to the sufficiency of evidence, it is not this Court's job to weigh the evidence or determine the credibility of the witnesses; rather, we must examine the record in the light most favorable to support the judgment and determine whether the factfinder could have found, beyond a reasonable doubt, that the juvenile committed the act charged.[2]

Here, the state's reliance on circumstantial evidence does not render the juvenile court's finding of delinquency unsupportable as a matter of law. While circumstantial evidence alone will not justify a conviction unless the evidence is such that it excludes every reasonable hypothesis except that of the guilt of the defendant, "[i]t is not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else."[3] It was for the factfinder, here the juvenile court, to exercise its discretion and decide whether all reasonable hypotheses were excluded.[4] In so doing, the juvenile court was not required to believe M. A. R., since matters of witness credibility are entirely within the exclusive province of the factfinder.[5] And this Court will only disturb a finding of delinquency in a case based on circumstantial evidence if the factfinder abuses its discretion, leaving the finding of delinquency

---

[2] See *In the Interest of Q. P.*, 286 Ga. App. 225 (648 SE2d 731) (2007).

[3] (Citation and punctuation omitted.) *Zant v. Nelson*, 250 Ga. 152, 154 (296 SE2d 590) (1982).

[4] See *In the Interest of R. J. S.*, 277 Ga. App. 74, 75 (625 SE2d 485) (2005).

[5] Id.

unsupportable as a matter of law.[6]

Here, the juvenile court weighed the evidence and judged the credibility of the witnesses, and, as the factfinder, the juvenile court determined that based on the circumstantial evidence, M. A. R. was delinquent beyond a reasonable doubt of possession of alcohol by a minor. We find no abuse of discretion. The evidence was sufficient to exclude every reasonable hypotheses except that of M. A. R.'s delinquency, and we will not disturb the juvenile court's finding.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010.

*Joseph W. Jones, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Rod R. Skiff*, for appellee.

