**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 1, 2012**

# In the Court of Appeals of Georgia

A12A0461. KILLIAN v. THE STATE.

BLACKWELL, Judge.

We granted James Killian's application for discretionary review of a trial court order revoking his probation. After thorough consideration of this case, including our review of the transcript of the revocation hearing, which was not available at the time we granted Killian's application, we have determined that the State produced some competent evidence to show that Killian violated the terms of his probation.[1]

---

[1] A trial court may revoke a probated sentence "if the evidence produced at the revocation hearing establishes by a preponderance of the evidence" that the defendant violated a condition of his probation. *Thurmond v. State*, 304 Ga. App. 587 (696 SE2d 516) (2010); see also OCGA § 42-8-34.1 (b). Accordingly, if the record includes some competent evidence to show that the defendant violated the terms of his probation, this court will affirm the judgment of revocation. *Smith v. State*, 283 Ga. App. 317, 318 (641 SE2d 296) (2007).

Accordingly, we find that the application for discretionary appeal was improvidently granted, and we dismiss Killian's appeal.

Here, the State alleged that Killian violated his probation by possessing marijuana with the intent to distribute in violation of OCGA § 16-13-30 (j) (1), by possessing an open container of an alcoholic beverage in the passenger area of a vehicle in violation of OCGA § 40-6-253 (b) (1), and by obstructing a police officer in violation of OCGA § 16-10-24 (a). While Killian claims that the State failed to provide evidence to show that he had both the power and intention to exercise control over the marijuana and open container of alcohol found in the vehicle in which he was riding as a passenger,[2] the record belies this claim. The marijuana and open container were found on the floorboard of the front passenger seat, literally at Killian's feet. See *Reed v. State*, 244 Ga. App. 146, 147 (534 SE2d 871) (2000); see also *Hulsey v. State*, 284 Ga. App. 461, 461-462 (2) (643 SE2d 888) (2007). And other evidence indicates Killian's intent to exercise control over the marijuana and

[2] See *Dennis v. State*, 313 Ga. App. 595, 597 (722 SE2d 190) (2012) ("A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.") (citation and punctuation omitted); see also *McBee v. State*, 296 Ga. App. 42, 45 (2) (a) (673 SE2d 569) (2009) ("Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances.") (citation and punctuation omitted).

the open container of alcohol: the officer could smell burning marijuana through Killian's open window, Killian refused to look at the police officer during the traffic stop, the half-empty container of alcohol was still cold and was contained in an open brown paper bag of the type that would be used by a package store, and the other passenger of the vehicle possessed his own open and partially empty container of alcohol. See *Vines v. State*, 296 Ga. App. 543, 546 (675 SE2d 260) (2009); *In the Interest of M. A. R.*, 306 Ga. App. 818, 819-820 (702 SE2d 919) (2010); *Feliciano v. State*, 302 Ga. App. 328, 331 (690 SE2d 680) (2010) (The finder of fact "may find criminal intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.") (citation and punctuation omitted). Although Killian claims that the other occupants of the vehicle had equal access to the contraband, the evidence shows that, because of the large center console in the vehicle, the other occupants did not, in fact, have equal access to the marijuana and alcohol that lay at Killian's feet. See *Ely v. State*, 241 Ga. App. 896, 898-899 (528 SE2d 532) (2000). And the trier of fact was authorized to conclude that it was not reasonable to believe, as Killian has suggested, that the other occupants of the vehicle were storing their marijuana and open

3

container of alcohol at Killian's feet.[3] See *Mora v. State*, 292 Ga. App. 860, 862 (1) (666 SE2d 412) (2008).

Because we granted Killian's application for discretionary review without the benefit of the full appellate record, including the transcript of the revocation hearing, and because the record supports the findings of the court below, we conclude that the application for discretionary appeal was improvidently granted. Accordingly, the order granting Killian's application is vacated, and his appeal is hereby dismissed. See *Woody v. State*, 247 Ga. App. 684, 685 (545 SE2d 83) (2001).

*Appeal dismissed. Mikell, P. J., and Miller J., concur.*

---

[3] In any event, Killian offers nothing to suggest the court below erred when it found that a preponderance of the evidence showed he violated OCGA § 16-10-24 (a) by resisting his arrest. And the court below would have been authorized to revoke Killian's probation based on this violation alone. *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990).