## FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 24, 2013**

# In the Court of Appeals of Georgia

A13A1333. BICKEL, JR. v. THE STATE.                    DO-050 C

DOYLE, Presiding Judge.

Harry Croft Bickel, Jr., appeals from the trial court order revoking his probation and ordering him to serve a five-year term of incarceration. After the trial court denied his motion for new trial, Bickel filed an application for discretionary appeal, which this Court granted. Bickel now argues that the trial court erred by ordering a five-year term of incarceration[1] upon revocation because his mental illness prevents him from complying with the probation conditions; and that the trial court erred by denying his motion for new trial before a different judge because Bickel

---

[1] Bickel explains that he does not challenge his guilt as to the violation of the probation term, rather he contends that the disposition was an abuse of discretion based on the evidence presented at the hearing.

previously had consulted the revocation judge, who therefore had extra-judicial knowledge of relevant facts. For the reasons that follow, we affirm.

The record shows that Bickel pleaded guilty to child molestation in 2002 and was sentenced to 20 years of probation. On March 14, 2012, Bickel was arrested on a probation warrant, and thereafter, on March 20, the State filed a petition for modification or revocation of probation. The petition alleged that Bickel violated the terms of probation by (1) possessing less than one ounce of marijuana; (2) failing to avoid vicious and injurious habits, including marijuana[2] and alcoholic intoxication; (3) consuming alcoholic beverages in violation of sex offender condition nineteen; (4) using mind altering drugs in violation of sex offender condition twenty-two; and (5) violating special conditions of probation imposed during a previous probation revocation based on the above-stated violations.

At the revocation hearing, Bickel admitted all of the allegations except that he claimed not to have been intoxicated on alcohol but instead merely consumed alcoholic beverages. The State presented evidence that on February 6, 2012, probation officers made a visit to Bickel's home and discovered a six-pack of beer

---

[2] The allegation does not state whether the vicious or injurious habit was using or possessing marijuana.

bottles and two partially consumed 40-ounce beers in the refrigerator. The officers also discovered a quarter-ounce of marijuana in a kitchen drawer and a small container of marijuana beside the couch upon which Bickel had been sitting when the officers arrived. Bickel admitted to the officers that he had consumed at least part of the alcohol, and he appeared to be intoxicated.

After a hearing, the trial court found that Bickel had violated numerous terms of his probation in the manners alleged in the State's petition, revoked his probation on that basis, and sentenced him to five-years of incarceration.

Bickel filed a motion for new trial, arguing that the trial judge should grant a new hearing on the revocation petition because the judge had confidential information regarding Bickel's marijuana use that he had obtained when Bickel consulted him regarding potential representation. The trial court denied this motion without explanation.

1. Bickel argues that the trial court erred by sentencing him to five years of incarceration after revoking his probation because he has a mental disorder that affects his ability to comply with the provisions of probation. We disagree.

A trial court may revoke a probated sentence if the evidence produced at the revocation hearing establishes by a preponderance of the

3

evidence that the defendant violated a condition of his probation. Accordingly, if the record includes some competent evidence to show that the defendant violated the terms of his probation, this court will affirm the judgment of revocation.[3]

If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the violation of a special condition of probation or suspension of the sentence, the court may revoke the probation or suspension of the sentence and require the defendant to serve the balance or portion of the balance of the original sentence in confinement.[4]

At the revocation hearing, Bickel presented testimony, including from his treating doctor, that he uses marijuana in order to treat his depression and that his condition has been difficult to treat. Nevertheless, the trial court did not err by sentencing Bickel to five years imprisonment on the basis of the admitted violations. There was evidence that Bickel used and possessed marijuana and that he used alcohol. The trial court was authorized to accept as true the testimony of officers that

---

[3] (Punctuation omitted.) *Killian v. State*, 315 Ga. App. 731, n. 1 (728 SE2d 258) (2012). See also OCGA § 42-8-34.1 (b).

[4] (Punctuation omitted.) *Chester v. State*, 287 Ga. App. 70, 72 (651 SE2d 360) (2007), quoting OCGA § 42-8-34.1 (e).

Bickel was intoxicated when they visited his home.[5] The fact that Bickel may choose to self-medicate his depression with marijuana rather than with other forms of treatment, medicinal or otherwise, does not establish error on the part of the trial court in sentencing him to five years incarceration on the basis of the violations.

2. Bickel contends that the trial court erred by denying his motion for new trial filed on the ground that he should receive a new revocation hearing before a different judge. We disagree.

Pursuant to Canon 3 (E) (1) (a) of the Georgia Code of Judicial Conduct, "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including" cases in which "the judge has . . . personal knowledge[] of disputed evidentiary facts concerning the proceeding." According to the preamble of the Code, "knowledge . . . denotes actual knowledge of the fact in question[, and a] person's knowledge may be inferred from circumstances ."

Bickle contends that Judge House, who presided over his revocation hearing, should have granted his new trial on the basis that the judge had extra-judicial knowledge of Bickel's marijuana use, which the judge had garnered from a

---

[5] See, e.g., *Killian*, 315 Ga. App. at 731-732.

consultation Bickel sought from him during Bickel's earlier divorce proceedings

After the revocation hearing, Bickel told a third party about Judge House's representation,[6] who later relayed that information to Bickel's revocation attorney.

Rule 25.1 of the Uniform Rules for the Superior Courts provides in part:

All motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed [within five days after the affiant first learns of the alleged grounds for disqualification, and not later than ten days prior to the hearing at issue] in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded.[7]

Here, although Bickel's revocation hearing occurred on April 25, 2012, his motion for new trial alleging that Judge House had extra-judicial knowledge of relevant facts was not filed until May 23, 2013, which date, even assuming that Bickel did not realize Judge House would preside over the hearing, was well outside of five days from the time Bickel would have realized the conflict at the hearing. And the motion lacked any supporting affidavit on the matter. Bickel admitted at the motion for new trial hearing that he knew at the beginning of the revocation hearing that he had

---

[6] Bickel explained at the motion for new trial hearing that he was not represented by Judge House, who was elected to the bench "prior to his case."

[7] See also *Birt v. State*, 256 Ga. 483, 485-486 (4) (350 SE2d 241) (1986).

6

previously consulted with Judge House, but he did not tell his attorney at that time, and therefore, the motion failed on the grounds that it was neither timely nor legally sufficient.[8]

Moreover, even if Bickel had timely filed such a motion, it does not appear that Bickel provided Judge House with any information different from that which Bickel himself presented at the revocation hearing — Bickel's history of marijuana use to treat his ongoing issues with depression.

*Judgment affirmed. Boggs, J., concurs. McFadden, J., concurs fully and specially.*

---

[8] See *Brice v. State*, 242 Ga. App. 163, 167 (7) (529 SE2d 178) (2000). Bickel presents no supporting authority to his contention that USCR 25.1 does not apply.

A13A1333. BICKEL v. THE STATE.


McFADDEN, Judge, concurring fully and specially.

I fully concur in the majority's opinion. I write separately to acknowledge that judges are required to recuse themselves sua sponte under certain circumstances. But a judge is under no obligation to recuse sua sponte "absent a violation of a specific standard of OCGA § 15-1-8 or Canon 3 (E) (1) (a) through (c) of the Code of Judicial Conduct, which is not waived by a party after disclosure." *Hargrove v. State*, 299 Ga. App. 27, 31 (2) (681 SE2d 707) (2009) (citation and punctuation omitted). In support of his argument, Bickel points to Canon 3 (E) (1) (a), which pertinently provides that judges shall disqualify themselves in any proceeding where their impartiality might

reasonably be questioned, including when the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. In construing Canon 3, however, we have held that "[a] trial judge's failure to sua sponte recuse [himself] will warrant reversal only where the conduct or remark of the judge . . . support[s] the inescapable conclusion that a reasonable person would consider the judge to harbor a bias that affects his ability to be impartial." *Lemming v. State*, 292 Ga. App. 138, 141 (1) (663 SE2d 375) (2008) (citations and punctuation omitted). Under this standard, the trial judge's prior consultation with Bickel, during which Bickel discussed his marijuana use, does not require reversal given that Bickel admitted the allegations pertaining to marijuana at his probation revocation hearing.