**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**September 18, 2020**

# In the Court of Appeals of Georgia

A20A1536. THOMAS v. THE STATE.                    DO-053 C

DOYLE, Presiding Judge.

In 2016, Tyreek Thomas pleaded guilty to two counts of aggravated assault, violating the Georgia Street Gang Terrorism and Prevention Act ("GSGTPA"),[1] and obstruction. He was on probation for those charges as a first offender when he was indicted on multiple new offenses occurring in three separate indictments. After the trial court revoked his first offender status and adjudicated him guilty in the 2016 case based on the new charges, Thomas filed a plea in bar based on former jeopardy in each of the three new cases, arguing that he has already been prosecuted, convicted, and sentenced for the offenses charged in the new indictments. The trial

---

[1] OCGA § 16-15-4 (a).

court denied the pleas in bar, and Thomas appeals. For the reasons that follow, we affirm.

On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. [If] the evidence is uncontroverted and witness credibility is not an issue, our review of the trial court's application of the law to the undisputed facts is de novo.[2]

So viewed, the record shows that on April 12, 2016, Thomas pleaded guilty under the First Offender Act[3] to two counts of aggravated assault (Counts 2 and 3), one count of violation of the GSGTPA (Count 4), and one count of obstruction (Count 5). The sentence sheet shows that Thomas pleaded guilty as a first offender with the understanding that if he violated the terms of his probation, he could be adjudicated guilty and sentenced to the maximum sentence available for those charges. Thomas was sentenced to fifteen years with three in confinement and the balance probated on Count 2; fifteen years concurrent on Count 3; ten years concurrent on Count 4; and twelve months concurrent on Count 5. As a general condition of probation, Thomas was ordered not to violate any law, and the first

---

[2] (Punctuation omitted.) *State v. Hill*, 333 Ga. App. 785 (777 SE2d 265) (2015), quoting *State v. Pruiett*, 324 Ga. App. 789, 790 (751 SE2d 579) (2013).

[3] OCGA § 42-8-60.

offender conditions specified that he could be sentenced to the maximum allowed by law if he violated his probation:

> Upon violation of the terms of probation, upon conviction for another crime during the period of probation, or upon the Court's determination that the Defendant is or was not eligible for sentencing under the First Offender Act or for Conditional Discharge, the Court may enter an adjudication of guilt and proceed to sentence the Defendant to the maximum sentence as provided by law.

On October 11, 2019, the State filed a petition for adjudication of guilt in the 2016 case on the grounds that Thomas violated the terms and conditions of probation by committing multiple new offenses, had contact with a known gang member and a person on probation, failed to report to his probation officer, and failed to participate in his substance abuse group, all of which were prohibited by the 2016 sentence. Following a hearing, the trial court granted the petition, concluding that Thomas, by a preponderance of the evidence committed: statutory rape between August 10, 2018 and August 11, 2018; violatins of the GSGTPA between January 3, 2019, and January 8, 2019; theft by taking between January 7, 2019, and January 8, 2019; entering an automobile, armed robbery, possession of a firearm during the commission of a felony, and three counts of aggravated assault on or about January

3

8, 2019; and unlawful acts of violence in a penal institution. The court also found that Thomas had contact with gang members, failed to report for drug screens, and failed to participate in his substance abuse group. The court adjudicated Thomas guilty and resentenced him to 36 years, to serve 35 years.

Thomas was subsequently charged in three separate indictments, which form the basis for this appeal. In Case Number SU19CR0251, Thomas was charged with four counts of armed robbery, theft by taking, entering an automobile, three counts of aggravated assault, possession of a firearm by a first offender probationer, and three counts of possession of a firearm during the commission of a felony, each of which were alleged to occur in January 2019. In Case No. SU19CR0295, Thomas was charged with statutory rape, child molestation, and enticing a child for indecent purposes, which were alleged to have occurred in August 2018. Finally, in Case No. SU19CR0960, Thomas was charged with unlawful acts of violence in a penal institution in August 2019. Thomas filed pleas in bar of former jeopardy in those cases, arguing that he had already been prosecuted for, convicted of, and sentenced on the counts alleged in the 2019 indictments in the adjudication of guilt in the 2016

4

case. Following a hearing, the trial court denied each of the motions, citing *Zellner v. State*.[4] This appeal followed.

On appeal, as he did below, Thomas contends that the trial court erred by denying his pleas in bar because the State's use of the three 2019 cases — the instant cases — to adjudicate him guilty and impose a sentence in the 2016 case bars his prosecution in the present cases on double jeopardy grounds. Based on this Court's recent holding in *Zellner*, we disagree and affirm.[5]

"First, '[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible

---

[4] 353 Ga. App. 527 (838 SE2d 613) (2020) (cert. applied for, Case No. S20C0882).

[5] Thomas argues that *Zellner* was "based on a flawed premise" and failed to give deference to the constitutional rights at issue, and he "urges this Court to rethink its recent creation of a new exception to a [c]onstitutional right involving serious deprivations of a person's liberty." *Zellner* is binding precedent, and the appellant in that case has a pending petition for certiorari. See Court of Appeals Rule 33 (a) ("If an appeal is decided by a Division, a judgment in which all three judges fully concur is a binding precedent. . . ."). Accordingly, we will follow the holding and analysis of that case. See *Evergreen Packaging, Inc. v. Prather*, 318 Ga. App. 440, 445 n.15 (734 SE2d 209) (2012) ("Suffice it to say, we are never at liberty to ignore or disregard a binding precedent of this Court. A unanimous decision by a three-judge panel of this Court remains binding precedent until such time as it is modified or reversed by this Court en banc or our Supreme Court.") (citation omitted).

conviction more than once for an alleged offense.'"[6] Here, as in *Zellner*, the crimes alleged in the three instant cases, which are alleged to have occurred in 2019, are based on entirely separate events than that in 2016. "Thus, [Thomas] is not in jeopardy of being convicted more than once for the same offense."[7]

Next, as we have previously explained, the use of the 2019 crimes as a basis for his guilt adjudication in the 2016 case is permitted by the first offender statute, which provides that "[t]he [trial] court may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law when the . . . [d]efendant violates the terms of his or her first offender probation."[8] Thomas was accused, in part, of violating his first offender probation in the 2016 case by violating certain criminal statutes.

> Whether such a violation occurred is determined by a preponderance of the evidence. Thus, in deciding whether to revoke [Thomas'] first offender status in the 2016 case and adjudicate him guilty . . . , the trial court only determined by a preponderance of the evidence that he had committed the 201[9] crimes. He was not convicted of those crimes

---

[6] Id. at 539, quoting *United States v. DiFrancesco*, 449 U. S. 117, 127 (III) (101 SCt 426 66 LE2d 328) (1980).

[7] *Zellner*, 353 at 529.

[8] Id., quoting OCGA § 42-8-60 (d) (1).

6

when they were used in that manner, and he was not sentenced for those crimes at the time. Thus, the present action[s do] not subject [Thomas] to . . . possible [subsequent] conviction[s] on the 2019] . . . charges.[9]

Finally, we find meritless Thomas' argument that his prosecution for the instant crimes is barred by OCGA § 16-1-8 (b) (1), which provides in relevant part that "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . [r]esulted in . . . a conviction . . . and the subsequent prosecution . . . is for . . . crime[s] which involve[] the same conduct[.]" As we explained in *Zellner*, the 2019 crimes involve different conduct than the crimes for which he was convicted in the 2016 case.[10] And, contrary to Thomas' argument, he was not convicted of the instant crimes in the 2016 case; instead, his first offender status was revoked and he was adjudicated guilty and convicted of the crimes alleged in the 2016 indictment.

*Judgment affirmed. McFadden, C. J., and Hodges, J., concur.*

---

[9] Id., citing OCGA § 42-8-34.1 (b); *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

[10] Id. at 530.

7